STERN et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   May 12, 1915.)

No. 272.

1. POST OFFICE ⬅35—USE OF MAILS IN AID OF SCHEME TO DEFRAUD—ELE-
MENTS OF OFFENSE.

Under Criminal Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130
(Comp. St. 1913, § 10385), providing that whoever, having devised any
scheme or artifice to defraud, shall, for the purpose of executing such
scheme or artifice, or attempting to do so, place or cause to be placed any
letter, etc., in any post office, station, etc., shall be fined or imprisoned
or both, the government is not bound to prove that an intention to use
the mails was a part of the original scheme to defraud.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig.
⬅35.]

2. INDICTMENT AND INFORMATION ⬅130—JOINDER OF COUNTS—STATUTORY
PROVISIONS.

Under Criminal Code, § 215, there is no restriction as to the number of
counts an indictment may contain, or the period within which the separate
offenses charged must have been committed, as was the case under Rev.
St. § 5480, which provided that the indictment might severally charge
offenses to the number of three when committed within the same six
calendar months.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig.
§§ 419–423; Dec. Dig. ⬅130.]

3. POST OFFICE ⬅48—USE OF MAILS IN AID OF SCHEME TO DEFRAUD—SUFFI-
CIENCY OF INDICTMENT.

An indictment for using the mails in the execution of a scheme to de-
fraud, which not only described the offense in the language of the stat-
ute, but accompanied such language with the statement of facts fully ap-
prising defendants with what they had to meet, was sufficient.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec.
Dig. ⬅48.]

4. CRIMINAL LAW ⬅372—EVIDENCE—OTHER OFFENSES.

Defendants were charged with using the mails in aid of a scheme to
defraud which embraced the listing of property with them for sale;
the making of a deposit by the owner for advertising and services, to
be deducted from the commission when sold; and an examination of the
property by some person who would either express dissatisfaction or
offer an unsatisfactory price, with the result that there would be no
sale and no money returned. Held, that evidence of other transactions
in the same business, and done in the same way, with the same result as
the transactions charged in the indictment, was admissible to establish
the intent to defraud and to show the system of doing business.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 833, 834;
Dec. Dig. ⬅372.]

5. POST OFFICE ⬅49—USE OF MAILS IN AID OF SCHEME TO DEFRAUD—QUES-
TIONS FOR JURY.

That defendants, after being arrested effected a sale through another
broker of the property mentioned in one count of the indictment, was a
fact for the jury's consideration.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec.
Dig. ⬅49.

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A.
79; McCarthy v. United States, 110 C. C. A. 548.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. POST OFFICE ☞49—USE OF MAILS IN AID OF SCHEME TO DEFRAUD—MATTERS TO BE PROVED.**

In the absence of an express allegation in the indictment that the defendants intended to defraud every one who deposited money with them, the government was not bound to prove such an intent.

[Ed. Note.—For other cases, see Post office, Cent. Dig. §§ 84–86; Dec. Dig. ☞49.]

**7. CRIMINAL LAW ☞369—EVIDENCE—FORMER ACQUITTAL IN ANOTHER COURT.**

On a trial for using the mails in aid of a scheme to defraud, proof of the unsuccessful prosecution of one of the defendants in a state court on complaint of one of those claimed to have been defrauded was not admissible, especially where no record proof was offered, as the prosecution was not for the same offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. ☞369.]

In Error to the District Court of the United States for the Southern District of New York.

Philip I. Schick, of New York City (George Gordon Battle, of New York City, of counsel, and J. N. Flowerman, of New York City, on the brief), for plaintiffs in error.

H. Snowden Marshall, U. S. Atty., and John C. Knox, Asst. U. S. Atty., both of New York City, for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The defendants were indicted under section 215 of the Criminal Code for devising, under the name of the Reliable Brokerage Company, a scheme to defraud, in the execution of which they used the United States mails. The indictment contained four counts, in each of which a person defrauded or to be defrauded was named.

[1, 2] The defendants object that they could be tried only on three counts for offenses committed within the same six calendar months and that the government was bound to prove that an intention to use the mails was a part of the original scheme to defraud. These things were true of section 5480 of the United States Revised Statutes, but section 215 of the Criminal Code, under which this indictment is found, has amended the law by requiring only a use of the mails in executing the scheme to defraud and by prescribing no restriction as to the number of counts the indictment may contain or as to the period within which the separate offenses charged must have been committed.

[3] Objection is also made that the indictment does not sufficiently set forth the offenses charged. It is not restricted to a description of the offenses charged in the language of the statute alone, but accompanies that language with a statement of facts fully apprising the defendants with what they have to meet. The objection is frivolous.

The scheme described was substantially as follows: The defendants would see advertised in various newspapers properties to be sold or leased or businesses or stocks of goods to be sold. Thereupon they would send to the advertiser a postal card reading as follows:

"Dear Sir: If you desire to sell your property kindly call at our office without delay as we have several private parties with cash interested in same. Notice we charge no commission unless we sell. Trusting to see you, we remain."

If the advertiser called in response to the postal card, the defendants would tell him that they had one or more customers interested in property like his, but that he must make a deposit in cash to protect them against any sale over their heads. Upon receiving the deposit they would have him sign a blank form, properly filled out, authorizing the sale and concluding like this:

"$...... given by me to the Reliable Real Estate and Brokerage Company is for the advertising and services of my house for sale and to be deducted of their commission when sold by them not otherwise."

In some cases and in at least three of the cases mentioned in the indictment they would themselves give a receipt like this:

"$...... received of ...... for the expense of advertising and services on his ...... for sale ....... When sold through our office return ...... dollars of commission, not otherwise."

Thereupon some one would examine the property and either offer a price which would certainly be refused or else express dissatisfaction. The result was no sale and no money returned.

It was testified on behalf of the government by the persons claiming to have been defrauded that defendants, at the same time these papers were signed, promised to return the deposit of cash if they did not sell the property, which was denied by the defendants.

[4] It is complained that evidence of other similar transactions was erroneously admitted by the court. The case, however presents an exception to the general rule for the purpose of proving intent. The other transactions proved were in the same business and done in the same way, with the same result. An intent to defraud would be more readily inferred from many instances than from the four charged in the indictment. People v. Marrin, 205 N. Y. 275, 98 N. E. 474, 43 L. R. A. (N. S.) 754. They go to show the system of doing business. 12 Cyc. 411; People v. Peckens, 153 N. Y. 576, 592, 47 N. E. 883.

[5] After the defendants had been arrested they did effect the sale of the property mentioned in the first count through another broker. This was a fact for the consideration of the jury.

There was abundant evidence to support the conclusion at which the jury must have arrived, viz.; that the whole proceeding was a sham, that the defendants never expected to sell the property and never intended to return the deposit.

[6] It is further contended that the government was bound to prove that the defendants intended to defraud every person who deposited money with them in this way, reliance being placed upon the decision in United States v. Staples (D. C.) 45 Fed. 195. The indictment in that case did expressly allege that the defendant intended to defraud every one with whom he dealt, and the government was held bound to prove the charge as made. We should not wish to go so far, and if the decision can be understood as going further, we certainly cannot approve of it.

[7] Upon direct examination of one of the defendants, it was sought to show that he had been charged in a state court by one of the persons who complained of having been defrauded and had been acquitted. No proof by record was offered, and would not have been admissible had it been offered, because not for an offense under the statute in question.

The judgment is affirmed.