HUFF et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1916. Rehearing Denied February 1, 1916.)

No. 2805.

1. CRIMINAL LAW ⟨⊚⟩371—EVIDENCE—OTHER OFFENSES.

On a trial for conspiring to forcibly arrest W. for the purpose and with the intent to hold him in a condition of peonage, the government offered evidence tending strongly to prove concerted action by defendants in arresting, whipping, and returning W. to an employer, whose employment he had deserted. Defendants offered evidence attacking the character and reputation of the prosecuting witness, evidence tending to prove an alibi for some of the defendants, and evidence of the good character and standing of all of the defendants. Held that, in rebuttal, evidence that, about the time laid for the conspiracy, the defendants were acting in confederacy and concert in arresting without warrant, whipping, and forcibly returning other laborers to the custody and service of employers whom they had deserted, was admissible for the purpose of showing the accord and combination of the alleged conspirators and their intent in committing the acts charged, and it was immaterial that this also tended to prove other offenses and had a bearing on the question of defendants' good character.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 830–832; Dec. Dig. ⟨⊚⟩371.]

2. CONSPIRACY ⟨⊚⟩48—VERDICT—SUFFICIENCY.

On a trial for combining, conspiring, etc., to commit an offense against the United States, a verdict finding defendants "guilty of conspiracy"

was a general and not a special verdict, and to be understood as referring to the conspiracy charged in the indictment, and was sufficient.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 108–111; Dec. Dig. ☞18.]

In Error to the District Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Franklin Huff and others were convicted of an offense, and they bring error. Affirmed.

Marion Smith, of Atlanta, Ga., for plaintiffs in error.

Hooper Alexander, U. S. Atty., of Atlanta, Ga.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. The plaintiffs in error and others were indicted for combining, confederating, conspiring, and agreeing together to commit an offense against the United States; i. e., to forcibly arrest one John Westmoreland for the purpose and with the intent to hold the said John Westmoreland in a condition of peonage, and with the intent and purpose of forcibly compelling him against his will to work for one of the plaintiffs in error to pay a debt of $57, claimed to be due and owing.

[1] The government offered evidence tending strongly to prove concerted action of the defendants in arresting, whipping, and returning John Westmoreland to the employer whose employment he had deserted. On the trial the plaintiffs in error put in evidence attacking the character and reputation of the prosecuting witness John Westmoreland, evidence tending to prove an alibi for some of the accused on trial and the good character and standing of all the defendants as a defense to the indictment.

It was therefore not error on the part of the trial judge to admit in rebuttal the evidence of Maggie Miller and others to prove that about the same time laid for the conspiracy the defendants were acting in confederacy and concert in kindred actions and enterprises of a like nature as that charged in the indictment, to wit, the arresting without warrant, the whipping, and forcibly returning other laborers to the custody and service of employers whom they had deserted, for the purpose of showing the accord and combination of the alleged conspirators and their intent in confederating and combining and in committing the acts charged in the indictment. That such evidence tended to prove other offenses than that charged in the indictment, and also had a bearing upon the defense of good character invoked by the defendants and was otherwise prejudicial, did not affect its admissibility. See Wood v. United States, 16 Pet. 342, 10 L. Ed. 987; Olson v. United States, 133 Fed. 849, 67 C. C. A. 21; Van Gisner v. United States, 153 Fed. 47; Thomas v. United States, 156 Fed. 897, 84 C. C. A. 477, 17 L. R. A. (N. S.) 720; Sapir v. United States, 174 Fed. 219; Lueders v. United States, 210 Fed. 419, 127 C. C. A. 151; Stern v. United States, 223 Fed. 762, —— C. C. A. ——; Farmer v. United States, 223 Fed. 903–911, —— C. C. A. ——.

[2] The verdict found in the case, "Guilty of conspiracy," was a general and not a special verdict, and is to be understood as referring to the conspiracy charged in the indictment, and is sufficient. See Statler v. United States, 157 U. S. 277–279, 15 Sup. Ct. 616, 39 L. Ed. 700, and cases there cited. We find none of the assignments of error in this case well taken.

The judgment of the District Court is affirmed.