STATE v. MATTHEW JURCHE:

The only verdict, in a criminal case, that the jury can render, under the law, is a general one: a verdict of guilty or not guilty, which is a decision both on the law and the facts.

*By the Court.*—It, doubtless, would be a safe rule for the jury to take the law from the judge as their guide ; but they are not bound to do so. They have the right to judge of both the law and the facts in forming their verdict.

APPEAL from the First District Court of New Orleans, *Hiestand, J.*
*Hon. B. L. Lynch,* Attorney General, for State. *Mills, Fisk & Henderson,* for defendant.

LABAUVE, J. Defendant was indicted for murder, convicted and sentenced.

He appealed.

On the trial of this case in the lower court, defendant asked the judge to charge the jury "that, in finding a verdict, they were the judges of the law and facts."

This the judge refused; but charged "that they were the sole judges of the facts proved. It was their duty to apply the law as laid down by the court. That the jury had the power, but not the right, to disregard the charge of the judge."

The only verdict, in a criminal case, that the jury can render, under the law, is a general one : a verdict of guilty or not guilty, which is a decision both on the law and the facts.

The jury are not presumed to be able, unaided, to ascertain the law ap-

STATE
v.
JUROHE.

plicable to the case, among conflicting authorities cited by counsel ; and therefore, the judge is required to charge the jury as to the law.

It, doubtless, would be a safe rule, for the jury to take the law from the judge as their guide ; but they are not bound to do so.

They have the right to judge both of the law and the facts in forming their verdict. See 11 An. 429, 206 and 81. 10 R. R. 81.

Judgment of the lower court is reversed, and the case remanded for a new trial according to law.

HYMAN, C. J., and JONES, J., absent.