## STATLER *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF PENNSYLVANIA.

No. 770. Argued March 7, 1895. — Decided March 25, 1895.

The first count in an indictment containing three counts charged the accused
with "having counterfeit coin in his possession, with intent to defraud
certain persons to this grand inquest unknown." The jury found him
"guilty in the first count for having in possession counterfeit minor
coin. Not guilty as to second and third counts." *Held*, that the verdict
was a general verdict of guilty under the first count, and that the words
attached did not qualify the conclusion of guilt.

THE case is stated in the opinion.

*Mr. Thomas B. Alcorn* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in
error. *Mr. William H. Pope* was on his brief.

MR. JUSTICE WHITE delivered the opinion of the court.

The plaintiff in error was prosecuted for committing offences
punishable under Rev. Stat. 5458. The indictment contained
three counts. The first charged him with "having counterfeit
coin in his possession with intent to defraud certain persons to
this grand inquest unknown;" the second, with having with like
intent attempted to pass such coin; and the third, with actually
passing such coin with criminal intent. On being arraigned,
the defendant pleaded not guilty, presenting a written plea to
that effect, which was placed on the indictment as follows:
"Defendant admits having the coins in his possession set forth
in the indictment, and knowing that they were counterfeit, but
pleads not guilty of the intent of passing or intending to pass
same, or to defraud any person with the same."

On the trial the government abandoned the second and
third counts. Under the first count, as the fact of possession

of the counterfeit coin was admitted, the only issue presented to the jury was whether the intention to defraud existed. The jury found a verdict on May 14, 1894, after the adjournment of the court, which was signed by all its members, and, being sealed, was opened by the court on the following day, May 15. It was as follows: "The jury finds the defendant guilty in the first count for having in possession counterfeit minor coin. Not guilty as to second and third counts."

The defendant moved in arrest of judgment for the following reasons: First, "the jury has not found the defendant guilty of any offence under the law; second, the verdict, to wit, the jury finds the defendant guilty for having in possession counterfeit minor coin; not guilty as to the second and third counts, clearly indicates that the jury did not intend to find the defendant guilty under the act of Congress of intending to defraud any person." The motion was overruled and sentence imposed. The defendant brought the case here by error.

In order to determine the effect of the words attached by the jury to the finding of "guilty in the first count," it is necessary to ascertain whether the verdict was special or general.

A special verdict is defined by Blackstone to be one "Where the jury state the naked facts as they find them to be proved, and pray the advice of the court thereon, concluding conditionally, that is, if upon the whole matter the court should be of the opinion that the plaintiff had cause of action, then they find for the plaintiff; if otherwise, for the defendant. . . . Another method of finding a species of special verdict is when the jury find generally for the plaintiff, but subject nevertheless to the opinion of the judge of the court on a special case stated by the counsel on both sides with regard to matter of law." 4 Bl. Com. 377, 378.

Under this definition, it is evident that the verdict here considered was not a special verdict. Indeed, it is settled beyond question that a verdict of guilty, without specifying any offence, is general, and is sufficient, and is to be understood as referring to the offence charged in the indictment. *St. Clair*

v. *United States*, 154 U. S. 154; *Bond* v. *The People*, 39 Illinois, 26; *State* v. *Jurche*, 17 La. Ann. 71; *State* v. *Curtis*, 6 Ired. (Law) 247; *State* v. *Tuller*, 34 Connecticut, 280; *State* v. *Morris*, 104 N. C. 837.

The verdict being general and not special, any words attached to the finding " guilty on the first count" are clearly superfluous and are to be so treated. In Triàls per Pais (8th ed. 1766, p. 287) the rule is thus stated: " If the jury give a verdict of the whole issue and of more, . . . that which is more is surplusage and shall not stay judgment, for '*utile per inutile non vitiatur*.' " Bishop on Criminal Procedure, p. 623, section 1005 *a*, is, substantially, to the same effect: " The words being ' the finding of lay people,' need not be framed under the strict rules of pleading, or after any technical form. Any words which convey the idea to the common understanding will be adequate. And all fair intendments will be made to support it. To say, therefore, that the defendant is 'guilty,' or guilty of an offence named which is less than the whole alleged, is sufficient, without adding ' as charged in the indictment;' for the latter will be supplied by construction. So, likewise, a general finding of ' guilty ' will be interpreted as guilty of all that the indictment well alleges. . . . Surplusage in a verdict may be rejected, being harmless, the same as in pleading. And the verdict must be construed as a whole, not in separate parts." In *Patterson* v. *United States*, 2 Wheat. 221, 225, this court, speaking through Mr. Justice Washington, said.: " If the jury find the issue and something more, the latter part of the finding will be rejected as surplusage." *Commonwealth* v. *Judd*, 2 Mass. 329; *Armstrong* v. *The People*, 37 Illinois, 459; *State* v. *Yocum*, 117 Missouri, 622; *Arnold* v. *State*, 51 Georgia, 144; *Henry* v. *Raiman*, 25 Penn. St. 354.

Reading the verdict, here considered, by the light of these elementary principles, the words " for having in possession counterfeit minor coin," attached to the words " guilty in the first count," are obviously superfluous, and striking them from the verdict leaves it, in all respects, complete and responsive to the charge. The wisdom and justness of the rule is shown,

by applying it to the verdict rendered in this case. The plea made by the defendant having admitted the possession by him of the counterfeit coin, the only issue submitted to the jury was the intent to defraud. To presume that the verdict which found the defendant "guilty under the first count" was predicated on the mere possession without the intent, involves the conclusion that the jury found the defendant guilty, because of the existence of a fact from which it was admitted no guilt could result. To allow the superfluous words which were attached to the finding of guilty to have the effect here claimed for them, would compel us to read the verdict as saying, "We find the defendant guilty because he concedes that he possessed the counterfeit coin, although it is admitted he cannot be guilty from the fact of such possession alone," that is, "We find him guilty although he is not guilty." The record leaves no room for doubt that the words "for having in possession counterfeit minor coin," which were attached to the verdict, were merely words identifying the first count, and were not and could not have been intended to qualify the verdict of guilty. The indictment was endorsed as follows: "Indictment for having in possession counterfeit minor coin; second, attempting to pass same; third, passing the same." The words attached to the verdict are simply those found on the back of the indictment describing the first count, and this fact indicates that the jury affixed them simply as words of description of the first count, and therefore did not intend by their use to qualify in any way the conclusion of guilt expressed in their verdict.

*Affirmed.*