BATLEY v. RITCHIE, District Judge.

No. 4692. Decided December 21, 1928. (273 P. 969)

Ray S. McCarty, of Salt Lake City, for plaintiff.

William H. Folland, City Atty., and Shirley P. Jones, Asst. City Atty., both of Salt Lake City, for defendant.

CHERRY, J.

The plaintiff, B. Batley, was convicted in the city court of Salt Lake City of violating a municipal ordinance. He appealed to the district court of Salt Lake county, where he was again tried and convicted, and sentenced to pay a fine of $200, or in default thereof to be imprisoned for four months. He has brought the case here by writ of review, contending that the judgment against him is void for lack of jurisdiction of the court to render it: (1) Because the ordinance he was accused and convicted of violating is invalid and unconstitutional; (2) because the amended complaint against him fails to state a public offense; and (3) because the verdict of the jury, upon which the judgment was entered, is null and void for uncertainty and ambiguity.

The ordinance in question is as follows:

"Section I. There is hereby created a new section in chapter 29, Revised Ordinances of Salt Lake City, Utah, 1920, to be known as section 1221, prohibiting bookmaking and pool selling, which said section shall read as follows:

"Sec. 1221. It shall be unlawful for any person to engage in pool selling or bookmaking with or without writing at any time or place; or for any person to keep or occupy any room, shed, tenement, tent, booth or building, flat or vessel or any part thereof or to occupy any

place or stand of any kind upon any public or private grounds within the corporate limits of Salt Lake City with or without books, papers, apparatus or paraphernalia for the purpose of recording, receiving, reporting or registering bets or wagers or purported or pretended bets or wagers or to sell pools or to make books with or without writing upon the result of trial or contest of skill, speed or power of endurance of man or beast, or upon the result of lots, chance, casualty, unknown or contingent event whatsoever and it shall be unlawful for any person to receive, register, report or forward or pretend or purport to receive, register, report or forward in any manner whatsoever any money, thing or consideration of value, bet or wagered or offered for the purpose of being bet or wagered or to sell pools upon such result or pretended or purported result; and it shall be unlawful for any person to conduct, keep, carry on or maintain by himself or his agents or employees any turf exchange, pool room or other place by whatever name known where bets or wagers or pretended bets or wagers on the result of any horse race or purported horse race wherever run or contest or purported contest of skill or of endurance of men or animals wherever made or had are, or are made, received or paid and it shall be unlawful for the owner or lessee or occupant of any said place to knowingly permit any part of the premises to be used for the purpose of conducting any turf exchange, pool room or other place for the purpose of receiving bets on the result of any horse race or pretended or purported horse race or on the result of any contest or purported contest of skill or endurance of men or animals.

"It shall be unlawful for any person to bet or wager anything of value on the result of any horse race or purported horse race or upon the result of any contest or purported contest of skill or endurance of men or animals by means of bookmaking, pools or other devices; and it shall be unlawful for any person to aid, assist or abet in any manner in any of said acts which are hereby forbidden.

"Section II. Any person found guilty of violation of any of the provisions of this ordinance shall be punishable by fine not to exceed two hundred ninety-nine ($299.00) dollars or six months in jail or both such fine and imprisonment."

The charging part of the amended complaint is that "the said defendant did then and there at said Wilson Hotel Smokery unlawfully aid, assist or abet in pool selling at said place, and did then and there at said Wilson Hotel Smokery unlawfully aid, assist or abet in receiving, registering and reporting money bet or wagered on the result

of a horse race, contrary to the provisions of section 1221," etc. The verdict found the accused "guilty of aiding, assisting or abetting in pool selling or of aiding, assisting or abetting in receiving and registering a bet in money on the result of a horse race as charged in the amended complaint."

The objection to the validity of the ordinance is that it is in conflict with Redd Racing Act (Laws of Utah 1925, c. 77), in force at the time, which authorized a form of pool selling under certain limitations. This question has been disposed of contrary to plaintiff's contention by our recent decision in *Lagoon Jockey Club* v. *Davis County* (Utah) 270 P. 543, which was decided after the argument of the present case.

It is contended that the amended complaint, upon which the plaintiff was convicted, is bad, because it fails to particularize the acts relied upon to constitute a violation of the ordinance, and consists of mere general statements amounting only to legal conclusions. As this proceeding challenges the judgment for jurisdictional defects only, we examine the amended complaint only for the purpose of determining whether it is sufficient to invoke the jurisdiction of the trial court.

In criminal as well as in civil action, initial pleadings are essential to invoke jurisdiction, because courts do not and may not act upon their own motion. Hence in a criminal prosecution in this state there must be a written accusation (a complaint, information, or indictment), or the court has no jurisdiction to render a judgment. The test of sufficiency, however, of an accusation for the purpose of invoking jurisdiction, is not the test to which such pleading is subjected when attacked by motion or demurrer.

Where it is clear that an attempt has been made to charge an offense of a kind over which the court has jurisdiction the accusation is sufficient to invoke the jurisdiction of the court. 29 C. J. 41. The inquiry in such case is not whether there is in the accusation such specific allegations of the details of the charge as would make it good on demurrer, but

whether it describes a class of offenses of which the court has jurisdiction and alleges the defendant to be guilty. 12 R. C. L. 1202.

Assuming that the complaint in question was defective and demurrable, it still was sufficient to confer jurisdiction and the action of the trial court in holding it sufficient was within jurisdiction and constituted at most an error, for which no relief may be granted in this proceeding.

The objections to the verdict are that it is void for uncertainty and ambiguity, for which reason the court had no jurisdiction to pass sentence or render a judgment upon it. As before stated, by the verdict the accused ■ was found "guilty of aiding, assisting, or abetting in pool selling, or of aiding, assisting or abetting in receiving and registering a bet, * * * as charged in the amended complaint."

The contention is that the verdict finds the defendant guilty in the alternative, of one or the other of two separate and distinct offenses, without specifying the offense actually committed. The interpretation of the verdict involves an examination and consideration of the ordinance. What is the effect of the ordinance, and what does it prohibit and punish? It is clear that the purpose is to prohibit that form of gambling called bookmaking and pool selling. But those terms have no specific legal signification. An ordinance declaring it unlawful to engage in bookmaking or pool selling, without further definition, would obviously be bad, as indefinite and uncertain. The ordinance, however, after declaring it unlawful to engage in bookmaking or pool selling, further specifies particular acts as unlawful, including, among others, the receiving, registering, and reporting of bets, etc. The particular acts specified as unlawful are all such as may be connected with or related to bookmaking or pool selling, as those terms are popularly understood. The ordinance, in ultimate effect, is therefore a prohibition against the practice of bookmaking and pool selling, and bookmaking and pool selling consist

of the doing of one or more of the particular acts specified in the ordinance. The offense is generally described by name, and particular described by the particular acts which constitute it. When the accused was charged with aiding and abetting in pool selling, and with aiding and abetting in receiving, registering, and reporting money bet on the result of a horse race, he was charged with but one transaction or offense, and the verdict which found him "guilty of aiding, assisting, or abetting in pool selling, or of aiding, assisting, and abetting in receiving and registering a bet in money on the result of a horse race," was a finding of but one transaction of offense, described in the alternative; its true meaning being that he aided and abetted in pool selling, by aiding and abetting in the receiving and registering of a bet on the result of a horse race. There was therefore no uncertainty or ambiguity in the verdict.

But, assuming that the ordinance means to and does distinguish pool selling from the act of receiving and registering bets, it certainly makes both unlawful, and amounts to a provision for an offense which may be committed by the use of different means. In such case, by express statute, the means may be alleged in the alternative in the same count. Comp. Laws Utah 1917, § 8834. Under a similar statute, a general verdict of guilty when such an offense was charged in the disjunctive was held sufficient, and not even ground of error or of motion in arrest of judgment. *Johnson* v. *State,* 50 Ala. 456. See, also, *Cheek* v. *State,* 38 Ala. 227. In the present case the accusation is in the conjunctive and the verdict disjunctive. But the supposed uncertainty or ambiguity is the same in both cases. There is no uncertainty whatever in the present case of the intention of the jury to convict the accused of a violation of the ordinance against bookmaking and pool selling, and of what consequence is it that a doubt might exist as to the particular manner in which it was violated? The punishment is the same, whether the offense was committed in either or both of two ways or means. And the accused is protected

by the judgment from being prosecuted again for the same offense, committed by either of the means alleged in the complaint.

That the verdict in a criminal prosecution need not be framed under the strict rules of pleading, or after any technical form, that any words which convey the idea to the common understanding will suffice and that all fair intendments will be made to support it, are propositions approved by high authority. 2 Bishop, New Crim. Proc. § 1005, p. 869. In *Statler* v. *United States,* 157 U. S. 277, 15 S. Ct. 616, 39 L. Ed. 700, under a charge of "having counterfeit coin in his possession with intent to defraud," etc., as the first count, a verdict of "guilty in the first count for having in possession counterfeit minor coin" was held good, and the conviction affirmed, notwithstanding the verdict omitted the gist of the offense charged. The court treated as surplusage the insufficient description of the offense, and interpreted the verdict as a general finding of guilty of the first count. In *O'Connell* v. *United States,* 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827, defendants were charged in the first count with a conspiracy to violate the Espionage Act, and in the second count with a conspiracy to violate the Selective Service Law. A verdict finding the defendants "guilty on the —— count of the indictment and —— on the —— count of the indictment," was interpreted as a verdict of guilty of both counts.

The foregoing observations relate to the matter in controversy, considered from the standpoint of mere legal error. To sustain the writ and annul the judgment in this proceeding, however, requires a finding of more than error in the record. It must appear that the court acted without or in excess of jurisdiction. The cases are numerous which hold that irregularity, error, or insufficiency of the verdict does not touch jurisdiction, but constitutes error which can only be corrected by writ of error or appeal. *In re Eckart,* 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; *Dover* v. *State,* 75 Ala. 40; *In re Black,* 52 Kan.

64, 34 P. 414, 39 Am. St. Rep. 331; *In re Casey,* 27 Wash. 686, 68 P. 185; *In re Nolan,* 68 Kan. 796, 75 P. 1025; *Ex parte Satt,* 164 Mich. 472, 129 N. W. 863; *Wells* v. *Pridgen,* 154 Ga. 397, 114 S. E. 355.

*In Re Eckart,* supra, the court said:

"In its decision refusing the writ applied for by Eckart, the Supreme Court of Wisconsin held that, while the conviction under the sentence in question was erroneous, the error in passing sentence was not a jurisdictional defect, and the judgment was, therefore, not void. In this view we concur. The court had jurisdiction of the offense charged and of the person of the accused. The verdict clearly did not acquit him of the crime with which he was charged, but found that he had committed an offense embraced within the accusation upon which he was tried. It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict and to construe its legal meaning, and if in so doing he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offense charged, it with an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of habeas corpus."

The decisions above referred to were all made in habeas corpus cases, but that is no reason why the principle decided is not applicable to the present case, for in both habeas corpus and certiorari the inquiry is generally limited to questions of jurisdiction. The cases referred to are important here as authority for the proposition that a judgment rendered upon a defective verdict is not void for lack of jurisdiction.

In the case under consideration it appears that the trial court had jurisdiction of the subject-matter, the person of the accused, and the jurisdiction to render the particular judgment, for which reasons the judgment, even if erroneous, may not be annulled by writ of review.

Judgment affirmed.

THURMAN, C. J., and HANSEN, J., concur.

GIDEON, J. (dissenting).

The jury returned this verdict: "We, the jurors impaneled in the above case, find the defendant guilty of aiding, assisting, or abetting in pool selling, or of aiding, assisting, or abetting in receiving and registering a bet in money on the result of a horse race, as charged in the amended complaint."

The charge in the complaint is in the conjunctive. The verdict of the jury is in the disjunctive. It is that the defendant is found guilty of "aiding, assisting, or abetting in pool selling, *or* of aiding, assisting, or abetting in receiving and registering a bet in money on the result of a horse race." (Italics supplied.) There are two distinct offenses referred to in the verdict. Either the defendant was found guilty of aiding, abetting, or assisting in pool selling or of aiding, abetting, or assisting in receiving and registering a bet in money on the result of a horse race. From the verdict it does not appear of which of these offenses the jury declared defendant guilty. It is true that the acts constituting the two offenses may overlap each other, and when committed by one and the same person may constitute but one offense; but nevertheless one person can be guilty of one of the offenses, and not guilty of the other.

The plaintiff here, defendant in the court below, may have and could have aided and abetted, not only in selling pools, but also in registering wagers or bets made, and that would have constituted one offense. But here, according to the verdict, the jury did not find that he did both. It found only that he did one or the other. From the verdict the court had no way of determining which; that is, of which of the two distinct offenses the defendant was found guilty. The general principle that a verdict in a criminal case must be certain and definite is recognized by all the authorities. *State* v. *Reeves*, 276 Mo. 339, 208 S. W. 87. See, also, *Sanders* v. *State,* 13 Okl. Cr. 134, 162 P. 676, and cases cited in the syllabus, the third paragraph of which reads:

"The verdict of a jury must be sufficient in itself to clearly disclose the crime of which the defendant is convicted, and for which he is to be punished."

It is doubtless true that by the great weight of authority it is held that,

"where the statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons, and at different times, they may, when committed by the same person and at the same time, be coupled in one count as constituting all together but one offense." *State* v. *Schweiter*, 27 Kan. 506.

Further on in that same opinion it is said:

"In such cases, the several acts are construed as so many steps or stages in the same affair, and the offender may be informed against as for one combined act in violation of the law, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction."

Here, however, we have no such situation. We have a verdict stating that the accused is guilty of one or of the other of two distinct offenses, not that the accused is found guilty as charged in the information or complaint. The verdict is that the accused is guilty of one or the other of two offenses "as charged in the amended complaint."

The judgment imposing a fine or jail sentence in the alternative in this case was based, and necessarily must have been based, upon the verdict of the jury. The court had no authority, independent of the jury's verdict, upon which it could base a judgment imposing punishment. The verdict in this case not being definite and specific, and it being impossible to determine wherefrom what crime, if any, of which the accused had been found guilty, there was no authority or power by reason of such verdict under or upon which the trial court could impose sentence. It seems to me it must necessarily follow that the judgment of the dis-

trict court of Salt Lake county, sentencing the accused to pay a fine, or, in default of payment of such fine, be confined in the county jail, was beyond the jurisdiction of that court, and therefore null and void.

STRAUP, J. (dissenting).

I, too, dissent. Let it be assumed that the ordinance is valid, that a public offense under it was sufficiently stated in the complaint to confer subject-matter jurisdiction, and that the court had jurisdiction of the person; still that, in a case tried to a jury, did not give the court power or authority to pronounce or render a judgment, except upon a proper and sufficient verdict. Though a court has jurisdiction of subject-matter and of the person, yet, if, in a case tried to a jury, a court pronounces or renders a judgment without a verdict, no one would contend that the court had not exceeded jurisdiction and acted without authority. Thus the question is: What kind of a verdict was here rendered? Was it merely defective or irregular, as held in the prevailing opinion, or was it wanting in substance? I think it is the latter, and not the former. The jury found the defendant guilty of aiding, etc., in pool selling, or aiding, etc., in receiving and registering a bet on a horse race. Under the ordinance the commission of either was an offense, and either the subject of a criminal complaint. *Clyatt* v. *U. S.*, 197 U. S. 207, 25 S. Ct. 429, 49 L. Ed. 726. In the complaint the accused was charged with both. The jury found he was guilty of the one, or of the other. The word "or," in the verdict, may not be regarded as "and." Sometimes "or," in a statute or a contract, it taken conjunctively, and "and" disjunctively, where such a reading is necessary to give effect to the intention of the Legislature or of the parties, as plainly expressed in other parts of the act or contract; and in an act such words would be so used and regarded to prevent the imposition of pains and penalties, but not for the purpose of imposing them. *Rice* v. *U. S.* (C. C. A.) 53 F. 910. Hence we must take the verdict as it is, and as expressed by

332

the jury. As so expressed, it is not merely defective or irregular; it does not mean anything. It is like an affidavit for an attachment, stating two or more grounds disjunctively for an attachment, thereby rendering the affidavit useless for any purpose. 6 C. J. 136. So is the verdict here useless for any purpose. It introduced such an element of uncertainty and indefiniteness as to render it impossible to determine of what the defendant was found guilty. Had the complaint here charged that the accused committed the one or the other offense, aided in pool selling, or aided in receiving and registering a bet on a horse race, it would be impossible to determine which offense was charged, or which of the acts was alleged to have been committed by the accused. And unless the disjunctive "or" in such a complaint be read "and," and a conclusion reached that both offenses were charged, which would not be permissible, it follows that in such case no offense was charged. The verdict here is no better.

I thus think the judgment void, and it ought to be annulled.