**Troy SHELTON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7168.**

United States Court of Appeals
Fourth Circuit.

Argued June 8, 1956.

Decided July 30, 1956.

---

**952**

Robert S. Cahoon, Greensboro, N. C. (Cahoon & Alston, Greensboro, N. C., on the brief), for appellant.

H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

SOPER, Circuit Judge.

This appeal is taken from an order of the district judge denying a motion of the appellant, who was defendant in the district court, to vacate a sentence of two years imprisonment on the ground that the court was without jurisdiction because the judgment was based upon an invalid verdict. The motion was made after the defendant had been committed to prison and after the time for appeal had expired; but jurisdiction of the court to entertain the motion was conferred upon the court by the provisions of 28 U.S.C. § 2255, which authorize a prisoner in custody under sentence of a Federal court to move the court which imposed the sentence to vacate it on the ground that the court was without power to impose it. See Birtch v. United States, 4 Cir., 173 F.2d 316; Griffin v. United States, 6 Cir., 175 F.2d 192; Pelley v. United States, 7 Cir., 214 F.2d 597.

Troy Shelton was indicted in three counts for offenses which involved the transportation of a girl in interstate commerce for immoral purposes. The first count, based on 18 U.S.C. § 2423, charged that the defendant knowingly persuaded a girl fifteen years of age to go by airplane from Greensboro, North Carolina to Pittsburgh, Pennsylvania and thence by other common carrier to Buffalo and Niagara Falls, New York with intent that she engage in immoral practices.

The second count, based on 18 U.S.C. § 2422, charged that the defendant knowingly persuaded a girl, without allegation as to her age, to go and be transported between the points mentioned in the first count for the purpose of immoral practices.

The third count, based on 18 U.S.C. § 2421, charged that the defendant with intent to induce the girl, without mention of age, to give herself up to immoral practices, knowingly obtained a ticket to be used by her to go by common carrier between the points mentioned in the first count of the indictment whereby she was transported between those points. For some reason not explained in the record this count was not mentioned in the charge to the jury, or submitted to the jury, and no verdict was rendered on it. It will, therefore, not be further considered in this opinion.

The evidence showed that Shelton, a married man, and the girl, who was fifteen years of age, were both residents of Monticello, Guilford County, North Carolina. They had known each other for some time and had had improper relations prior to the events on which the indictment was based. Believing that she had become pregnant they formed the plan to go to Canada where he hoped to get a divorce and marry her and make a living on a farm working in tobacco as he had done in the previous year. There was also evidence that they proposed to live together as man and

wife even if no divorce were secured. They traveled by airplane from Greensboro, North Carolina to Pittsburgh, Pennsylvania and thence by train to Buffalo, where they attempted to cross the border into Canada but were stopped as they had no passports. They then decided to return to Buffalo and to Pittsburgh. On the way he tried to prevail upon her to return to North Carolina alone, but she declined. They registered at a hotel in Buffalo as father and daughter and were given separate rooms, but during the night she left her room and spent the night with him. The next day they traveled to Pittsburgh and gave themselves to the police. During the trial the defendant's attorney stressed the testimony tending to show that the purpose of the journey to be made was to secure a divorce for the man in order that the couple might be married.

At the conclusion of the evidence the judge charged the jury as to the counts in the indictment. He stated that the first count in the indictment was based on § 2421 which, in general terms and without reference to the age of the girl, makes it an offense knowingly to transport in interstate commerce any girl for immoral purposes, or knowingly to procure a ticket for the transportation of such a girl in interstate commerce for such purposes. This statement in the charge was incorrect since the first count of the indictment was not based on § 2421 but on § 2423, which makes it an offense knowingly to persuade a girl under eighteen years to go by common carrier in interstate commerce with intent that she engage in immoral practices.

The judge also instructed the jury that the second count of the indictment was drawn under § 2423. This statement was also incorrect because count two of the indictment was based on § 2422, which makes it an offense knowingly to persuade any girl, without reference to age, to go in interstate commerce for any immoral purposes.

At the conclusion of the charge to the jury no exceptions were taken and the jury retired to consider its verdict. Subsequently it returned to the court room and requested the judge to clarify the charge as to transporting a woman across State lines for immoral purposes. In response, the judge read to the jury the provisions of § 2421 of the statute referring to the transportation generally of a woman or girl in interstate commerce for immoral purposes without reference to age, and further declared erroneously that the second offense charged against the defendant was defined in the statement as persuading a girl under eighteen years to go in interstate commerce for immoral purposes.

The jury retired to the jury room and after an interval returned to the court and, in answer to a question, announced that they had agreed upon a verdict. The following proceedings then took place:

"Clerk: What is your verdict, Ladies and Gentlemen of the Jury, guilty or not guilty?

"Foreman: Not guilty on count number one, transportation of a female for the purpose of prostitution.

"Guilty on count number two of immoral conduct with a female under eighteen.

"The Court: Then that is your verdict, not guilty of the first count as indicted under Section 2421, Title 18, but you return a verdict of guilty on the second count charged under Section 2423, Title 18, of the United States Code?

"Foreman: Yes, sir. (balance of Jury nods in the affirmative)."

■ If this verdict is read in relation to the counts as they were set out in the indictment, it may be said that the defendant was acquitted on the first count, which was based on § 2423 relating to the transportation of a girl under eighteen years of age, but was convicted on the second count, which was based on § 2422 relating to the interstate transportation of a woman, irrespective of age, for immoral purposes. If however, the verdict is read in rela-

tion to the counts of the indictment as erroneously described by the judge in his charge, the defendant was acquitted of the general charge of transporting a woman for immoral purposes under § 2421, but was convicted of violating § 2423. In view of the extraordinary circumstances above described, which make it uncertain whether the verdict of the jury was directed to the counts as they actually appeared in the indictment or to the counts as erroneously described by the judge, the verdict does not afford a sound basis for a valid judgment. We are unable to say beyond a reasonable doubt what were the precise charges that the jury had in mind in announcing its conclusions.

Moreover, if attention is confined to the words of the foreman in announcing the verdict of the jury and to their assent to the verdict as reframed by the judge, the intention of the jury is still beclouded by doubt. The language of the foreman taken by itself indicates that the jury found that the defendant did not transport the girl in interstate commerce with an immoral intent, but that he had been guilty of immoral conduct with a female under eighteen. It is noteworthy that, in referring to count number one, the foreman specifically made mention of the "transportation" of a female but, in the subsequent sentence referring to immoral conduct with a female under eighteen, no reference to transportation was made. It is true that thereafter the judge stated his understanding that the jury had found the defendant guilty under § 2423, which involves transportation, but we are unable to conclude under all the circumstances that the jury understood that they were assenting to the conviction of the defend-

ant for the *transportation* of a female under eighteen for immoral purposes. Accordingly, we conclude that no verdict responsive to the allegation of the second count of the indictment was found and hence the sentence of the court was invalid and must be vacated.

■ We do not mean by anything that we have said to depart from the established rule that in the Federal courts inconsistent verdicts on separate counts of an indictment will not invalidate a sentence based on a verdict of guilty on a single count, the theory being that each count states a separate and individual offense. See Borum v. United States, 284 U.S. 596, 52 S.Ct. 205, 76 L.Ed. 513; Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356. We also adhere to the rule that unnecessary statements in a verdict may be rejected as surplusage and a verdict in informal language may be restated by the judge with the assent of the jury and recorded, if the meaning of the jury is clear beyond a reasonable doubt and the verdict as finally recorded sets out their intention. See Statler v. United States, 157 U.S. 277, 15 S.Ct. 616, 39 L.Ed. 700; United States v. Bachman, D.C.E.D.Pa., 246 F. 1009; Drew v. United States, 2 Cir., 192 F. 854; cf. United States v. DiMatteo, 3 Cir., 169 F.2d 798; Gray v. United States, 8 Cir., 174 F.2d 919, certiorari denied 338 U.S. 848, 70 S.Ct. 90, 94 L.Ed. 519. But we find no escape, under the peculiar facts of the instant case, from the conclusion that the judgment must be reversed. The proper procedure under such circumstances is to vacate the judgment and remand the case for a new trial, and the judgment of this court will so direct.

Reversed.