Per Curiam.
 

 The defendant, charged with assault in the second degree (Penal Law, § 242, subds. 3, 4), was convicted of third degree assault (Penal Law, § 244, subd. 1), following the court’s instruction to the jury that it might return such a verdict. Belying on the principle stated in
 
 People
 
 v.
 
 Mussenden
 
 (308 N. Y. 558), he seeks a reversal on the ground that the evidence permitted the jury to return a verdict of guilt of second degree assault but not one of simple assault. If the defendant were correct, we would be required to reverse and direct a new trial. However, analysis of the record before us establishes, to quote from the opinion in
 
 Mussenden,
 
 that “ there is some basis in the evidence for finding the accused innocent of the higher crime [charged] and yet guilty of 'the lower one ” (308 N. Y., at p. 563).
 

 In order to convict the defendant of second degree assault, it was incumbent on the People to prove both that he had inflicted grievous bodily harm and that he had
 
 intended
 
 to inflict such harm (see
 
 People v. Katz,
 
 290 N. Y. 361, 365), and so the court had instructed the jury. In the present case, the defendant admitted that he had severely cut the complaining witness but insisted that he had acted in self-defense. In view of' the proof adduced, the jurors were privileged to find — if they believed the self-defense testimony — that the defendant used more force than was necessary in defending himself but did not intend to cause the grievous bodily harm actually inflicted. In short, then, since the jury had basis for concluding that the defendant had committed an assault but “ not such as is specified ” in section 242 of the Penal Law, defining the crime in its second'
 
 *423
 
 degree, it was entitled to find the defendant guilty of third degree assault under section 244.
 

 The judgment should be affirmed.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voobhis, Bubke, Foster and Scileppi concur.
 

 Judgment affirmed.