■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GEORGE FELDT, Appellant.— STALEY, JR., J. Appeal from a judgment of conviction of the County Court of Ulster County for the crimes of rape in the first degree, assault in the second degree with intent to commit rape, sodomy in the first degree, and assault in the second degree with intent to commit sodomy. On March 14, 1964, a young girl 17 years old, while in the company of her aunt, 15 years old, was forcibly placed in an automobile by two males, unknown to them, and she was driven to three separate deserted spots, threatened, raped at each place by both males, and made to commit oral sodomy with one of them. Her attackers then returned her to the vicinity of her home and drove off. The State Police obtained a description of the two attackers and of the automobile. One of the men was described as male, white, ruddy complexion, 190 pounds. The appellant had been convicted for a similar crime in 1959 and still resided in the vicinity. The State Police discovered he owned a white car and went to his home to question him concerning the crimes. He denied the crime, or any participation therein, but admitted that on the night of March 14, 1964, he had been in the company of a negro, named Parrie Lee Warren. Upon his refusal to voluntarily go to the police barracks for further questioning, he was arrested. At the police barracks the appellant was made to stand in a lineup where he was identified as one of the attackers by the girl who had been attacked. After being advised of the identification, he admitted having intercourse with the girl, but denied having used force and denied any act of sodomy. Appellant contends that his arrest was without probable cause and that all evidence obtained after the arrest, particularly his oral admission of the intercourse, be suppressed. There is no dispute that the arresting officer had reasonable cause for believing that a felony had been committed; that the appellant matched the description given to the police officers; that he owned an automobile which matched the description

of the automobile involved in the crime; and that he admitted prior to arrest that he was in the vicinity on the night of the crime in the company of a negro. This information in the possession of the arresting officer constituted such reasonable trustworthy information as would warrant him to believe that the appellant had in fact committed the crime. (Code Crim. Pro., § 177, subd. 4.) It, therefore, follows that the arrest being legal, the oral admissions of the defendant were properly admitted into evidence they having been voluntarily made. The appellant also contends that he was denied a fair trial by reason of the witnesses, and the District Attorney, having distinguished the two men involved in the commission of the crimes by their skin color. The appellant admits that these references contained no direct appeal to racial bias, but asserts that the references were no less harmful and "some alternative method of distinguishing between the two alleged rapists" should have been used. The references used by the witnesses were perfectly logical. They were relating the facts and events as they occurred in reference to a time when they did not know the names of the perpetrators of the crimes. In such circumstances the references to color were natural and unavoidable. The appellant also contends that it was error for the trial court to refuse to charge as requested concerning the dangers inherent in the testimony of youthful female complainants in a case involving a sex crime. This contention is without merit. Unlike the cases of *People* v. *Pocaro* (6 N Y 2d 248) and *People* v. *Oyola* (6 N Y 2d 259) where the complainant was a 10-year-old girl whose testimony was uncorroborated by others or by medical testimony, in the instant case the complainant was 17 years old, her testimony was corroborated in part by the testimony of her aunt and by medical testimony. Appellant also alleges error by the trial court's refusal to charge the jury on the lesser crime of assault in the third degree. If, upon any view of the evidence, a defendant could be found guilty of a lesser crime, the Trial Judge must submit such lesser crime to the jury. (Code Crim. Pro., §§ 444, 445.) The evidence in this case, however, either had to support the convictions as found by the jury or, if disbelieved, a verdict of not guilty. There was no proof that the jury might consider to support a verdict of assault in the third degree. The appellant also contends that the prosecutor in his summation used inflammatory and prejudicial remarks to appeal to the sentiment of the jury as a substitute for proof thereby depriving the defendant of a fair trial. Improper statements by a prosecutor in his summation to the jury have been condemned (*People* v. *Esposito*, 224 N. Y. 370; *People* v. *Mleczko*, 298 N. Y. 153; *People* v. *Fielding*, 158 N. Y. 542), and when so inflammatory as to create substantial prejudice will require reversal, but in this case the remarks made by the District Attorney in his summation, when read in context and in the light of the record as a whole, were not so prejudicial as to mandate a new trial. Judgment affirmed. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.