The UNITED STATES of America, on the petition of Joseph Aronstein, ex rel. Angelo PRESENZANO, Relator,

v.

John T. DEEGAN, Warden of Sing Sing State Prison, Ossining, New York, Respondent.

No. 68 Civil 4995.

United States District Court
S. D. New York.

Jan. 10, 1969.

Henry K. Chapman, New York City, for relator; Joseph Aronstein, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Samuel A. Hirshowitz, First Asst. Atty. Gen., Murray Sylvester, Joel H. Sachs, Asst. Attys. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner seeks a writ of habeas corpus on behalf of relator, who is currently serving a three to five year sentence at the Sing Sing State Prison following his conviction, after trial by jury, upon a charge of possessing a loaded pistol in violation of section 1897

(2) of the New York Penal Law.[1] Petitioner argues that the state trial court was without jurisdiction to sentence relator to more than a one-year term, as for a misdemeanor, first, because the indictment failed to negative the exception, contained within the statute, that reduces the offense to a misdemeanor; second, because the district attorney failed to file an information with the court, charging relator with a prior conviction of a crime, in which event the violation of section 1897(2) would constitute a felony;[2] and third, because, absent a specific charge to the contrary by the trial court, the jury's general verdict of guilty was of the grade of a misdemeanor only. The consequent federal constitutional claims are that relator is now held in violation of the due process and cruel and unusual punishment clauses.

■ At the outset there is a question whether petitioner has exhausted his available state remedies. He has sought habeas corpus in the Westchester Supreme Court and carried appeals from its dismissal there to the Appellate Division and the Court of Appeals. However, at the oral argument on the present application, petitioner informed the Court that relator currently has pending an application for leave to appeal to the New York Court of Appeals. Because it thus appears that relator has not yet fully exhausted his collateral attack upon the judgment of conviction, the present application could be dismissed on that ground alone.[3]

■ Moreover, the application is without substance on the merits. As for the first claim, apart from the fact that federal habeas corpus does not lie to review the sufficiency of an indictment that charges a crime within the jurisdiction of the state courts,[4] the indictment specifically "accuse[d] the defendant of the crime of criminally possessing a loaded pistol, *as a felony* * * *." (Emphasis added.) In so doing, it followed the statute, which makes the offense of unlawful possession a felony. It also thereby negatived and put in issue the one circumstance, under the statute, in which unlawful possession might amount only to a misdemeanor—that is, where the possession of the loaded weapon occurs in the defendant's home or place of business.

■ Petitioner argues that the New York courts have erred in ruling that the misdemeanor provision in sec-

---

1. The statute now appears at N.Y.Pen. Law, McKinney's Consol.Laws, c. 40, § 265.05:

   "(2) Any person who has in his possession any firearm which is loaded with ammunition, or who has in his possession any firearm and, at the same time, has in his possession a quantity of ammunition which may be used to discharge such firearm is guilty of a * * * felony. Such possession shall not, except as provided in subdivision three of this section, constitute a felony if such possession takes place in such person's home or place of business.

   "(3) Any person who has in his possession any firearm, gravity knife, switchblade knife, billy, blackjack, bludgeon, metal knuckles, sandbag, sandclub or slungshot is guilty of a * * * misdemeanor, and he is guilty of a * * * felony if he has previously been convicted of any crime."

2. N.Y.Pen.Law § 1897(3) (now § 265.05 (3)); N.Y.Code Crim.Proc. § 275–b(3).

3. 28 U.S.C. § 2254(c). A previous application for writ of habeas corpus to this Court was denied without prejudice to renew. On December 18, 1968, this Court denied an application for bail pending the argument on and disposition of the present claim upon the merits.

4. Paterno v. Lyons, 334 U.S. 314, 322, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948) (Frankfurter, J., concurring); Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); United States ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965), aff'g 236 F.Supp. 205, 206–207 (S.D.N.Y.1964); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244, 246 n. 1 (S.D.N.Y.1966); United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006, 1007 (S.D.N.Y.1966); United States ex rel. Bryant v. Fay, 239 F. Supp. 413, 414 (S.D.N.Y.1965). But see Fay v. Noia, 372 U.S. 391, 412, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

tion 1897(2) is a matter to be raised by the defense rather than to be excluded by the People in its direct case. That argument was advanced upon, and rejected by, the New York state courts in this case. This Court takes the statute with the interpretation placed upon it by the New York courts as though that interpretation had been written into the statute by the state legislature itself.[5] The indictment simply required the defendant to go forward with some evidence, however slight, to raise the issue of possession in his home or place of business, if such was his defense to the felony charge.[6] No constitutional infirmity arises from the State's procedural requirement in this respect.[7]

■ Petitioner's remaining claims are without substance. The failure of the district attorney to file an information with the court in regard to relator's prior criminal record is irrelevant in this case. The statute makes the offense of unlawful possession of a loaded weapon a felony without reference to relator's prior convictions, with the exception already noted. The filing of an information by the prosecution would have been necessary to elevate a misdemeanor charge to the level of a felony only if the indictment had charged the offense of unlawful possession in the defendant's home or place of business. Moreover, the crime charged under subdivision (3) differs from that under subdivision (2). In the latter instance, an element of the offense is possession of "a loaded weapon," whereas in the former the crime is possession of "any firearm."

■ The third claim must fail along with the first two. Since the indictment charged a felony under the statute, the trial court committed no error, absent the defendant's going forward to support the defense, in failing to instruct the jury on the misdemeanor provision;[8] the jury's general verdict was consonant with and supported the felony charge set forth in the indictment.[9]

*The petition is dismissed.*

5. Terminiello v. City of Chicago, 337 U.S. 1, 6, 69 S.Ct. 894, 93 L.Ed. 1131 (1949); Winters v. New York, 333 U.S. 507, 514, 68 S.Ct. 665, 92 L.Ed. 840 (1948); Hebert v. Louisiana, 272 U.S. 312, 317, 47 S.Ct. 103, 71 L.Ed. 270 (1926).

6. According to the state habeas court, the trial record clearly established that the gun was found in petitioner's hospital room. The state courts, in upholding petitioner's conviction, necessarily rejected the contention that such a room is a "home" within the meaning of the statute, and, for the reasons indicated above, that rejection is binding upon this Court.

7. Cf. Edwards v. United States, 312 U.S. 473, 483, 61 S.Ct. 669, 85 L.Ed. 957 (1941); McKelvey v. United States, 260 U.S. 353, 356-357, 43 S.Ct. 132, 67 L. Ed. 301 (1922); United States v. Cook, 84 U.S. (17 Wall.) 168, 176, 21 L.Ed. 538 (1872); Akers v. United States, 280 F.2d 198, 199 (6th Cir.), cert. denied, 364 U.S. 924, 81 S.Ct. 289, 5 L.Ed.2d 262 (1960); United States v. Peach Mountain Coal Mining Co., 161 F.2d 476, 477 (2d Cir. 1947); Anderson v. United States, 294 F. 593, 597 (2d Cir. 1923); United States v. Abrams, 29 F.R.D. 178, 181 (S.D.N.Y.1961); United States v. Van Allen, 28 F.R.D. 329, 344 (S.D.N.Y.1961); United States v. Guterma, 189 F.Supp. 265, 271 (S.D. N.Y.1960); United States v. Pope, 189 F.Supp. 12, 18-19 (S.D.N.Y.1960).

8. People v. Brady, 16 N.Y.2d 186, 190, 264 N.Y.S.2d 361, 363, 211 N.E.2d 815 (1965); People v. Lindsey, 12 N.Y.2d 421, 422, 240 N.Y.S.2d 441, 442, 190 N.E.2d 904 (1963); People v. Mussenden, 308 N.Y. 558, 563, 127 N.E.2d 551 (1955).

9. Cf. Statler v. United States, 157 U.S. 277, 279, 15 S.Ct. 616, 39 L.Ed. 700 (1895); St. Clair v. United States, 154 U.S. 134, 154, 14 S.Ct. 1002, 38 L.Ed. 936 (1894).