**UNITED STATES of America ex rel. Robert George FELDT, Petitioner,**

**v.**

**Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

**No. 68 Civ. 4250.**

United States District Court
S. D. New York.

April 25, 1969.

Robert George Feld, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent; Michael Jaffe, Asst. Atty. Gen., New York City, of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, currently serving a fifteen to twenty year sentence at the Green Haven state prison following his conviction after trial to a jury on charges of first degree rape, second degree assault and first degree sodomy, seeks his release upon a writ of habeas corpus. He alleges that he was deprived of a fair trial by (1) unnecessary references to his race and that of his codefendant; (2) inflammatory and prejudicial remarks of the prosecution in his summation; (3) improper reception in evidence of an admission, made after an illegal arrest, and improperly found voluntary; (4) a prejudicial line-up identification by the complainant; (5) refusal of the court to charge (a) as to credibility of the complainant, and (b) assault in the third degree as a lesser included offense.

The jury could have found that petitioner and a companion, one Warren, after trailing the complainant, a seventeen year old girl, and her younger companion after they had left a high school dance, dragged the complainant into petitioner's car and drove her to several secluded areas, where they each compelled her to submit to rape and petitioner to an act of sodomy. The jury could also have found that when the police first interrogated petitioner, he denied involvement in the offense, but after a line-up viewed by complainant, he voluntarily admitted that he had had sexual relations with the girl, denying, however, that he had compelled her to submit to acts of intercourse or sodomy.[1]

Petitioner has presented all questions raised here to the New York courts on the appeal from the judgment of conviction.[2]

---

1. Warren was tried separately.

2. People v. Feldt, 26 A.D.2d 743, 272 N.Y.S.2d 223 (3d Dep't 1966), aff'd, 22 N.Y.2d 839, 293 N.Y.S.2d 103, 239 N.E.2d 733 (1968).

■ Petitioner's first point is without merit. He is white and Warren a Negro. The witnesses, in describing events, repeatedly referred to petitioner as the white man and to Warren as the colored man, or Negro.[3] Petitioner does not disclose why this normal descriptive reference in any way prejudiced his case. To the contrary, it made clear at all times which acts complainant and her companion attributed to petitioner and which to Warren. The witnesses, in narrating events and describing the participants, were under no obligation to avoid reference to the color of those described.[4] They were natural references to distinguish petitioner from his codefendant, and as such did not deprive him of a fair trial.

■ Nor was the prosecution's summation to the jury so inflammatory as to require petitioner's release. Although vigorous references were made in the summation, they cannot, given the content of the evidence adduced by the State at the trial, be said to have been so prejudicial as to deny petitioner a fair trial within the meaning of Fourteenth Amendment due process.[5]

■ Petitioner has already had a full and fair state hearing on the question of the voluntariness of his admission, after the line-up, that he had had sexual relations with complainant. The trial court found, following the Huntley hearing, that petitioner approached one officer and asked for an hour of his time; that the officer told him he did not have to say anything, and that he had a right to counsel; and that petitioner made his statement anyway. The record fully supports the trial court's finding that the admission was voluntarily made.

■■ And, assuming arguendo, that petitioner may challenge the voluntariness of the admission on the theory that it was motivated by an illegal arrest,[6] the record again fails to bear out his claim. With respect to his charge that the arrest lacked probable cause, petitioner had another state hearing on his pretrial motion for suppression of evidence. The motion was granted only to the extent of suppressing a seized jacket under the now defunct "mere evidence" rule in Gouled v. United States.[7] The court, however, denied the remainder of the motion, holding there was probable cause for petitioner's arrest. The hearing minutes fully support the finding that the police, by the time they arrested petitioner in his home, knew that he had committed a similar crime some years previously, owned a car similar to that described by complainant and her companion, fitted the physical description given by complainant, and had gone drinking the night before with a Negro friend. They had information sufficient to warrant a prudent man in believing that petitioner had committed the crime they were investigating.[8]

3. *Id.* at 744, 272 N.Y.S.2d at 226.

4. *Ibid.*

5. Compare Buchalter v. New York, 319 U.S. 427, 431, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943) ; United States ex rel. Castillo v. Fay, 350 F.2d 400, 401 (2d Cir. 1965), cert. denied, 382 U.S. 1019, 86 S.Ct. 637, 15 L.Ed.2d 533 (1966) ; United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S.D.N.Y.1961). And see United States v. Antonelli Fireworks Co., 155 F.2d 631, 636–638 (2d Cir.), cert. denied, 329 U.S. 742, 67 S.Ct. 49, 91 L.Ed. 640 (1946) ; United States v. Dilliard, 101 F.2d 829, 837–838 (2d Cir. 1938), cert. denied, 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed.

1036 (1939) ; United States v. Dubrin, 93 F.2d 499, 506 (2d Cir. 1937), cert. denied, 303 U.S. 646, 58 S.Ct. 644, 82 L.Ed. 1107 (1938).

6. *Cf.* United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. Feb. 26, 1969).

7. 255 U.S. 298, 309 (1921), overruled, Warren v. Hayden, 387 U.S. 294, 305–310, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

8. *Cf.* Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed. 2d 142 (1964) ; Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959) ; Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

■ The record likewise refutes petitioner's claim that he was subjected to an improper line-up identification by complainant. The line-up occurred on the afternoon following the attack; petitioner and the three others in the line-up were approximately the same age and height; they were dressed similarly. Complainant's choice of petitioner was unhurried and deliberate; she viewed the line-up, then requested to hear each "viewee" say a few words before she made her identification. It cannot be said that in the "totality of circumstances surrounding" the confrontation[9] the identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."[10]

■ Petitioner also contends that the refusal of the court to instruct the jury as to the credibility of the complainant and her companion invaded his right to a fair trial. Assuming arguendo that the failure to so charge was legal error, it does not present any issue of federal constitutional dimensions.[11] Moreover, the record also discloses that the trial court fully instructed the jury as to the evaluation of the credibility of witnesses. The claim that the trial court erred in not charging the jury on third degree assault, while without foundation in the light of the evidence,[12] presents no federal constitutional question absent a showing that the failure to charge as requested denied petitioner a fundamentally fair trial.[13]

The petition is dismissed.

9. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

10. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968) ; United States ex rel. Rutherford v. Deegan, 406 F.2d 217, 219 (2d Cir. 1969) ; cf. Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).

11. Kenion v. Gill, 81 U.S.App.D.C. 96, 155 F.2d 176, 178 (1946) ; United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S.D.N.Y.1961).

12. See People v. Mussenden, 308 N.Y. 558, 563, 127 N.E.2d 551 (1955) ; cf. People v. Brady, 16 N.Y.2d 186, 190, 264 N.Y. S.2d 361, 363, 211 N.E.2d 815, 816 (1965) ; People v. Lindsey, 12 N.Y.2d 421, 422, 240 N.Y.S.2d 441, 441–442, 190 N.E.2d 904 (1963).

13. United States ex rel. Smith v. Reincke, 239 F.Supp. 887, 894 (D.Conn.), aff'd, 354 F.2d 418 (2d Cir. 1965), cert. denied, 384 U.S. 993, 86 S.Ct. 1896, 16 L. Ed.2d 1010 (1966).