UNITED STATES of America ex rel. Frederick JOHNSON, Petitioner,

v.

Hon. John P. ZELKER, Superintendent of Green Haven Correctional Facility, Respondent.

No. 70 Civ. 4912.

United States District Court, S. D. New York.

Sept. 24, 1971.

Frederick Johnson, pro se, for petitioner.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, Hillel Hoffman, New York City, of counsel, for respondent.

## MEMORANDUM

TENNEY, District Judge.

This is a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(d). Petitioner, Frederick Johnson, is confined in Green Haven Prison, Stormville, New York, pursuant to a judgment of conviction entered in May 1969 in the Bronx County Supreme Court, New York, on a charge of assault in the first degree and possession of a weapon as a felony. Mr. Johnson was sentenced to prison for an indeterminate period for a maximum of ten years and a minimum of three years and four months on the assault charge; he received a concurrent sentence of a minimum of two years, six months, and a maximum of seven years on the weapon charge. Petitioner's conviction was affirmed by the Appellate Division without opinion and leave to appeal was denied by the New York Court of Appeals.

By this application, petitioner contends that he was denied his constitutional right to a fair trial and his right to counsel by reason of the following: (1) the post-arrest identification by a witness of a photograph of petitioner in the prosecutor's office, in the absence of and without notice to petitioner's attorney and allegedly in violation of his rights under the sixth and fourteenth amendments, thereby making it error for the trial judge to have allowed the in-court identification of petitioner by the witness; (2) the ruling by the trial judge that if petitioner testified at the trial the Court would allow the prosecutor to bring out on cross-examination, for impeachment purposes, petitioner's prior criminal record which included a prior assault with a weapon, which ruling caused petitioner to exercise his right not to testify; (3) the alleged failure of the trial court to give petitioner's attorney an adequate opportunity to prepare for trial; (4) the allegedly prejudicial remarks of the prosecutor in describing the injuries suffered by the victim of the shooting and in stating that he thought the defendant was guilty; and (5) the alleged failure of the trial judge to define "alibi" in his charge to the jury.

■■ Petitioner's second, fourth and fifth claims raise questions of state law and as such they are not reviewable by the federal court unless by reason of these errors, assuming they are errors, Mr. Johnson was deprived of a fundamentally fair trial guaranteed him by the due process clause of the fourteenth amendment. Since there has been no showing that the state failed to observe the fundamental fairness that is essential to the very concept of justice, this Court cannot review errors of the kind

raised by these claims. United States ex rel. Feldt v. Follette, 298 F.Supp. 1298 (S.D.N.Y.1969); United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S.D.N.Y.1961).

The third claim of Mr. Johnson, that the trial judge refused to grant the defense attorney an adequate opportunity to prepare for trial, is not supported by the record. Trial Transcript at 90–92, People v. Johnson, Indictment No. 2254/68 (Sup.Ct. Bronx County, New York, Feb. 26, 1969).

By his first claim, however, petitioner does present the Court with a substantial constitutional question. Specifically, petitioner contends that he was denied his sixth and fourteenth amendment right to have his attorney present at a critical stage of the prosecution—a post-arrest photographic identification of petitioner by a witness. Although the trial judge excluded at trial all reference to the photographic identification, he did permit the witness to identify Mr. Johnson in court. Petitioner contends that on the basis of three Supreme Court decisions, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), a defendant has a constitutional right to have his attorney present at a post-indictment lineup. Since such a lineup is a critical stage of the prosecution, "the assistance of counsel was indispensable to protect . . . [the defendant's] most basic right as a criminal defendant—his right to a fair trial at which the witnesses against him might be meaningfully cross examined." United States v. Wade, supra, 388 U.S. at 223–224, 87 S.Ct. at 1930. Wade further held that in the event a defendant's attorney were not present at a lineup, the trial court was to prohibit any in-court identification of the defendant by a witness who identified him at the line-up, unless the government were able to prove by clear and convincing evidence that the in-court identification was based upon observations of the suspect other than at the lineup. United States v. Wade, supra at 240, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

Clearly, petitioner presents this Court with a situation factually distinguishable from that in United States v. Wade, supra, since he was not subjected to a live lineup but was identified by the witness's selecting his picture from a group of five. Yet, the rationale of United States v. Wade, supra, would seem to apply with equal force to any post-arrest identification procedure, including one using only photographs, since it is also subject to the "innumerable dangers and variable factors" which the Court in United States v. Wade, supra at 228, 87 S.Ct. 1926, 18 L.Ed.2d 1149, held could derogate from a fair trial. These dangers and factors include: the frequency of mistaken identifications; the suggestive manner in which the prosecution presents the suspect (either in person or through photographs) to witnesses for pre-trial identificaton; the reluctance of a witness who has once identified the accused to later go back on his word; and the inability of the defense to reconstruct the manner and mode of an identification which has been conducted in secret. The Court of Appeals for the Second Circuit, however, has rejected the notion that defense counsel must be present at any post-arrest identification of the accused by means of photographs. United States v. Bennett, 409 F.2d 888, 899–900 (2d Cir.), cert. denied, sub. nom., Haywood v. United States, 396 U.S. 852, 90 S.Ct. 113, 24 L.Ed.2d 101 (1969). The Court of Appeals reasoned that counsel is provided only to prevent the defendant from falling into traps devised by the prosecution and that there were other aspects of the prosecution's interviews with a victim or witness which afford as much opportunity for undue suggestion as does a display of photographs. Therefore, since, unlike a post-indictment lineup, these are not critical stages of the prosecution requiring the presence of the de-

fense attorney, neither is a witness's identification of an accused by his photograph. While there is some authority to the contrary[1] and numerous commentators[2] have disagreed with the conclusion expressed in United States v. Bennett, *supra,* this Court is bound by that decision and must reject petitioner's claim that he had a right to have an attorney present at the photographic identification. Having determined petitioner had no constitutional right to have his attorney present at the identification, it is unnecessary to reach the question whether the record as a whole supports the conclusion of the trial judge that the state did prove by clear and convincing evidence that Mrs. Holloway's in-court identification of Mr. Johnson was based upon independent observations of him. *Cf.* United States v. Wade, *supra,* 388 U.S. at 240, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

The only question remaining is whether the manner in which the photographs were displayed to the witness was so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). Had it been impermissibly suggestive, the allowance of the witness's in-court identification of petitioner would have deprived petitioner of a fair trial in violation of the due process clause of the fourteenth amendment. Simmons v. United States, *supra.* The trial judge, in a pre-trial *Wade* hearing, found beyond a reasonable doubt that the identification procedure used by the prosecution did not violate the due process clause of the fourteenth amendment since: (1) the photographs used were of five men who all resembled one another; (2) petitioner's picture was in the middle of the five and not at the beginning or end where it might have attracted more attention; (3) in the photograph, petitioner wore glasses, while the assailant did not wear glasses on the night of the shooting; and (4) the witness, while seated alone at a table and without any assistance from the prosecutor, selected petitioner's picture. Since the record as a whole supports this finding of the trial judge, his findings are presumed correct and no evidentiary hearing is called for. 28 U.S.C. § 2254(d).

Accordingly, and for the foregoing reasons, petitioner's application for a writ of habeas corpus is hereby denied.

So ordered.

---

1. *E. g.,* United States v. Zeiler, 427 F.2d 1305 (3rd Cir. 1970).

2. 63 Nw.U.L.Rev. 251, 258 (1968) ; 2 Rutgers-Camden L.J. 347 (1970) ; 21 Syracuse L.Rev. 1235 (1970) ; 44 Tem.L.Q. 434 (1971) ; 16 Vill.L.Rev. 741 (1971) ; *contra,* 28 Wash. & Lee L.Rev. 173 (1971).