STATE OF MAINE *vs.* LAURIE D. LeBLANC.

Lincoln.    Opinion July 13, 1916.

*Interpretation of Chapter 235, Public Laws of Maine, 1915.    Necessary
proof in criminal charge of obstructing officer.    Jurisdiction
of State Court.    Words necessary to make
violation of Statute a criminal offense.*

Two complaints and warrants under section eleven of chapter 235 of the
  Public Laws of 1915, "an act to provide for the granting of lobster
  licenses and giving state wide jurisdiction to wardens," brought to this
  court on an agreed statement of facts from the Supreme Judicial Court
  for Lincoln county.

1.  In the complaint charging the respondent, who had been duly licensed
    by the Commissioner of Sea and Shore Fisheries, with obstructing a
    warden in the discharge of his official duties by refusing to stop his vessel
    in order to allow the warden to come on board for the purpose of inspec-
    tion, it is held, that section eleven does not make this act on the part of
    the licensee a criminal offense.    It may warrant the revocation of his
    license and may work a forfeiture of his bond, but does not constitute a
    crime.

2.  In the complaint charging the respondent with refusing, while outside the
    waters of this State, to return to waters under the jurisdiction of the
    State when ordered so to do by the warden, it is held, that the act com-
    plained of took place, not only beyond the limits of the County of Lincoln,
    but beyond the borders of the State, the court in this State has no juris-
    diction.    It is beyond the power of the legislature to make such an extra-
    jurisdictional act criminal.    The legislative power, like the judicial, ceases
    at the State line.

Complaints and warrants under section 11, chapter 235, Public
Laws of Maine, 1915.    Respondent filed demurrer to each com-
plaint and warrant.    Demurrers were overruled and respondent
adjudged guilty in each case.    An appeal was taken to the Supreme
Judicial Court and case reported to Law Court upon agreed state-
ment of facts.    Judgment for respondent.

Cases stated in opinion.

*James B. Perkins,* County Attorney, for State.

*C. R. Tupper,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J.    Two complaints and warrants under section eleven of chapter 235 of the Public Laws of 1915 were brought in the Lincoln county municipal court.    Demurrers were filed and over-ruled and the respondent adjudged guilty in each case.    Appeals were taken to the supreme judicial court for Lincoln county and thence were brought to this court on an agreed statement of facts.

From this statement it appears that the respondent was the master of the E. McNichol, a vessel owned in Boston, Mass., and enrolled under the custom laws of the United States, and was sail-ing under a license to carry on the coasting trade, issued at the custom house in Boston.    He was engaged in buying lobsters along the Atlantic coast and transporting them to Boston in his vessel. On the morning of October 13, 1915, he left McFarland's Cove, Johns Bay, Bristol, with a cargo of lobsters bound for Boston. He slowed down near White Islands and took lobsters from two boats.    While the vessel was under way and at a point two miles east of White Islands, and shortly after the lobsters were taken from the two boats, a fish warden came alongside and "ordered the smack to stop for the purpose of allowing the warden to go on board to inspect the lobsters.    The respondent being in charge refused to stop the smack.    The warden followed the smack in his power boat until they were outside the waters under the jurisdic-tion of the State of Maine, and then ordered the respondent to return with the vessel to the waters of the State of Maine.    This the respondent refused to do, but continued on his course to Bos-ton."    The respondent held a license from the Commissioner of Sea and Shore Fisheries to purchase lobsters in this State and to transport them out of the State, and had furnished the bond required by said Act.

Upon this state of facts two warrants were issued.    In the first, the respondent is charged with obstructing a warden in the dis-charge of his official duties by refusing to stop the vessel to allow the warden to come on board for the purpose of inspection ; and in the second he is charged with refusing, while outside the waters of this State, to return to waters under the jurisdiction of the

State when ordered so to do. Neither complaint can be sustained because in neither do the allegations constitute a cognizable offence.

1. Let us consider the first complaint, the alleged obstruction of an officer by refusal to stop and permit search. It might well be doubted whether the alleged act of the respondent in simply continuing on his course could be deemed the obstruction of an officer, as that term is used in law. To obstruct ordinarily implies opposition or resistance by direct action, and forcible or threatened means. *State* v. *Welch*, 37 Wis., 196; *State* v. *Knudson*, 27 So. Dak., 400, 131 N. W., 400; *Vince* v. *State* (Ga.), 39 S. E., 435; *Moses* v. *State*, 6 Ga. App., 25, 64 S. E., 699.

But passing this point without decision, the fatal defect is that section eleven of the Act in question creates no such offense as is here charged. That section does not make the refusal to stop a vessel for purpose of search a criminal offense. The first part of the section reads as follows: "No lobsters shall be transported beyond the limits of this State, whether of legal length or otherwise, except by common carriers, as provided in this Act, unless by persons licensed to transport lobsters outside the limits of the State under the following conditions." This respondent was duly licensed. There was no violation of this provision on his part. The section continues by prescribing the method of procuring and issuing the license, its terms and conditions. Among these conditions is this: "It, (that is the license) shall further provide that such smack, vessel or other conveyance shall, at all times, be subject to inspection and search by the Commissioner of Sea and Shore Fisheries, or his wardens or deputy wardens, with warrant or without, in which inspection and search they shall in no way be obstructed." This is the clause on which this complaint is founded; but a breach of this condition on the part of a licensee, while it works a forfeiture of his bond, does not constitute a criminal offense. It is a breach of contract, not an infraction of the criminal law. This construction is borne out by the terms of the application, the license, and the required bond. The preliminary application signed by the respondent recites: "he further agrees that said smack, vessel or other conveyance above described, shall at all times be subject to inspection and search by the Commissioner," etc., following the words of the statute, and after stipulating that

a bond in the penal sum of five hundred dollars shall be filed, concludes as follows: "I further agree that said bond and my agreement in this application shall constitute and be a part of the conditions under which my license is issued and that if I violate the terms of either this application or the terms of the license, both shall be void and the bond shall be forfeited." The license contains the same stipulations. The condition of the bond reads: "Now if the said Laurie D. LeBlanc shall well and truly conform to all the laws of the State pertaining to lobsters and especially chapter 235 of the Public Laws of 1915, and shall faithfully observe and perform without breach all the conditions of said license and of his agreements in his application therefor, then this obligation shall be void, otherwise, shall remain in full force."

While the respondent may have forfeited his bond and warranted the revocation of his license he has broken no penal law of this State. The statute in no way provides that a licensee shall be deemed to have violated section eleven by violating this condition of his license, and a licensee cannot be criminally liable for a breach of the conditions of his license or bond unless there is some express statute provision making such a breach a criminal offense. To convert the clause under consideration into a penal statute and to hold the acts charged in the complaint a violation of such penal statute, we must read into the statute something that is not there, and it is an elementary rule of criminal pleading that a criminal offense cannot be created by inference or implication, nor can the effect of a penal statute be extended beyond the plain meaning of the language used. *Endlich Int. of Stat.*, sec. 329; *State* v. *Bunker*, 98 Maine, 387; *State* v. *Wallace*, 102 Maine, 229; *State* v. *Peabody*, 103 Maine, 327; *State* v. *Staples*, 110 Maine, 264.

On the first complaint therefore judgment must be rendered for the respondent.

2. The second complaint is based on these words of section eleven: "All licensees under this Act shall be required to load all smacks, vessels or other contrivances within the waters over which this State has jurisdiction, and any licensee loading outside the jurisdiction of this State or who refuses to come within the jurisdictional waters of this State, when ordered so to do by the Commissioner, or any of his wardens or deputy wardens, shall be

VOL. CXV 10

deemed to have violated the provisions of this section and his bond shall be forfeited." Section twelve provides that any licensee convicted of violation of section eleven shall be punished by a fine and his bond shall be forfeited.

The precise charge against this respondent under this complaint is that while outside of waters within the jurisdiction of this State he refused to return and come within the jurisdictional waters. This offense, if such it may be called, took place not only beyond the limits of the county of Lincoln but beyond the limits of the State, at a place where this court had no jurisdiction. We cannot take cognizance of any such crime. It is beyond our power, and it is beyond the power of the Legislature to make such an extra jurisdictional act criminal. The legislative power, like the judicial, ceases at the State line. If an offense of which a Maine court will take cognizance was committed in this case, then a warden in the port of Boston, or New York, or Galveston, could order the master of a licensed lobster vessel to return to Maine and his refusal would then and there constitute a like offense. Such refusal may work a forfeiture of the bond and warrant a revocation of the license, because the application, the license and the bond so provide, but it cannot constitute a crime. Citations are unnecessary.

The entry in each of the cases must therefore be,

*Judgment for respondent.*