Argued April 15, affirmed June 16, rehearing denied September 8, 1925.

# STATE v. JULIUS BAILEY.

### (236 Pac. 1053.)

**Constitutional Law—Amendments of Federal Constitution Contain No Restriction on Powers of State to Legislate.**

1. Constitution of the United States, Amendments 5, 6, 14, contain no restriction on powers of state to legislate.

**Statutes—Rules of Construction Applicable to Civil Statutes Also Apply to Criminal Statutes.**

2. Rules of construction applicable to civil statutes also apply to criminal statutes.

**Statutes—Court Required to Give Legal Effect to Expressed Intention Contained in Statute.**

3. Paramount rule of statutory construction requires court to ascertain and give legal effect to expressed intention in statute.

**Criminal Law—Criminal Offense cannot be Created by Inference or Implication.**

4. A criminal offense cannot be created by inference or implication, nor can embrace of a criminal statute reach beyond plain import of language used.

**Criminal Law—Valid Criminal Law must Definitely Show What Acts Law-making Body Intended to Punish.**

5. A valid criminal law must definitely show with reasonable certainty what acts or omissions law-making body intended to prohibit and punish, but reasonable definiteness in view of conditions is all that is required.

**Criminal Law—Legislature may Declare What Acts Shall Constitute a Crime Subject to Constitutional Prohibition.**

6. Subject to prohibition of federal and state Constitutions legislature has power to declare what acts or omissions shall constitute a crime.

**Constitutional Law—Husband and Wife—Parent and Child—Statute, Denouncing Crime of Nonsupport of Wife and Children, Held Valid as an Exercise of Power by Legislative Body.**

7. Section 2166, Or. L., denouncing as a crime failure to support wife and children, *held* valid as an exercise of power by legislative body, and not to be objectionable as delegating such power to trial judge or jury.

---

1. See 6 R. C. L. 247.
3. See 25 R. C. L. 1012.
4. See 8 R. C. L. 58.
6. See 8 R. C. L. 56.

Indictment and Information—Indictment Generally Sufficient When Alleging Acts Constituting Crime in Words of Statute.

8. Generally an indictment is sufficient when it alleges acts constituting crime charged in words of statute defining it.

Indictment and Information—Indictment can Rise No Higher Than Statute.

9. An indictment can rise no higher than statute, which is its source.

Criminal Law—Statutes, Failing to Inform Defendant of Nature of Charge, are Void.

10. Statutes, so indefinite and uncertain as to fail to inform defendant of nature of charge against him, are void.

Criminal Law—Criminal Statute Should be Couched in Plain and Concise Language.

11. A criminal statute should be couched in plain and concise language, so that every man of ordinary intelligence may know when he has violated the law.

Constitutional Law—Legislature cannot Legally Enact a Law in Violation of Constitution.

12. Legislature cannot legally enact a law in violation of Constitution.

Criminal Law—Statute, Denouncing Failure to Support Wife and Children as a Crime, Held not Indefinite.

13. Section 2166, Or. L., denouncing failure to support wife or children as a crime, *held* not invalid as being indefinite and hence not violative of Constitution, Article I, Section 11.

Constitutional Law—Presumption is in Favor of Constitutionality of a Law—Court Required to Assume That Statute is Constitutional.

14. Presumption is always in favor of constitutionality of a law and, until contrary appears beyond a reasonable doubt, court must assume that a statute is valid and not violative of Constitution.

Constitutional Law—Statute, Denouncing Failure to Support Wife and Children, Held not Unconstitutional.

15. Section 2166, Or. L., denouncing failure to support wife and children *held* not violative of Constitution, Article I, Section 20, since it applies to every person who without just or sufficient cause fails or neglects to support persons enumerated therein.

---

8. Charging crime in language of statute, see note in 94 **Am. Dec.** 253. See, also, 14 **R. C. L.** 185.

13. What amounts to nonsupport by husband within criminal statute, see note in 49 **L. R. A.** (**N. S.**) 588.

Constitutionality of statute requiring husband, upon conviction of abandonment, to provide for support of wife or family, see note in 23 **L. R. A.** (**N. S.**) 854.

Constitutional Law—Privileges or Immunities must Belong to All
    Citizens on Same Terms.
    16.  Privileges or immunities must belong to all citizens on same
terms, and there must be a proper classification of legislation.

See (1) 12 C. J. 744, 745.    (2) 36 Cyc. 1185.    (3) 36 Cyc. 1106.
(4) 16 C. J. 67.    (5) 16 C. J. 68.    (6) 16 C. J. 61.    (7) 12
C. J. 854; 30 C. J. 1099; 29 Cyc. 1676.    (8) 31 C. J. 708.    (9) 31
C. J. 710 (1926 Anno.).    (10) 16 C. J. 68 (1926 Anno.).    (11) 16
C. J. 68 (1926 Anno.).    (12) 13 C. J. 748.    (13) 16 C. J. 68 (1926
Anno.); 30 C. J. 1099.    (14) 12 C. J. 791, 797.    (15) 12 C. J.
1111, 1128 (1926 Anno.).    (16) 12 C. J. 1129.

From Multnomah: GEORGE TAZWELL, Judge.

Department 2.

REHEARING DENIED.    AFFIRMED.

For appellant there was a brief and oral argument
by *Mr. Chriss A. Bell.*

For respondent there was a brief over the names
of *Mr. Stanley Myers,* District Attorney, and *Mr. Jay
Stockman,* Deputy District Attorney, with an oral
argument by *Mr. Stockman.*

BROWN, J.—This is a criminal proceeding, wherein
Julius Bailey was convicted of the crime of nonsupport and sentenced to six months' imprisonment in
the county jail, under the following statute:

"Any person who, without just or sufficient cause,
shall fail or neglect to support his wife, or female
children under the age of eighteen years, or male
children under the age of sixteen years, shall be
deemed guilty of a felony and shall be punished
therefor by confinement in the state prison for not
more than one year, or by imprisonment in the
county jail for not less than thirty days nor more
than one year."    Or. L., § 2166.

16.  See 6 R. C. L. 373 et seq.

The defendant demurred to the indictment on the ground that the charge contained therein failed to state facts sufficient to constitute a crime, and, to sustain his demurrer, contended that the indictment failed to state the acts and set forth the particular circumstances of the crime charged in accordance with the commands of Sections 1437, 1448, Oregon Laws; that the indictment was vague and indefinite and did not inform the defendant of the nature and cause of the accusation as commanded by Section 11, Article 1, Oregon Constitution; and that Section 2166 was violative of Section 1, Article XIV, Constitution of the United States, and of the Fifth and Sixth Amendments thereof, and of Section 20, Article I, and Section 1, Article IV, Oregon Constitution.

1. On appeal to this court, the defendant asserts that Section 2166, Or. L., is unconstitutional, and that for this reason the trial court erred in overruling the demurrer. Among his alleged reasons for attacking the statute is his assertion that it violates the Fifth and Sixth Amendments of the United States Constitution. This contention may be dismissed with the observation that these provisions contain no restriction on the powers of the state to legislate: *State* v. *Laundy*, 103 Or. 443 (204 Pac. 958, 206 Pac. 290, and authorities there cited). However, the salutary provisions of these amendments have been carried into our state Constitution and most of them may be found in the different sections of Article I thereof.

2. The defendant contends that the statute involved herein is so indefinite that its meaning cannot be understood from its words. The rules of construction applying to civil statutes likewise apply to criminal statutes.

3. The paramount rule of statutory construction, then, requires that we ascertain and give legal effect to the expressed intention contained in the statute.

4. A criminal offense cannot be created by inference or implication. Nor can the embrace of a criminal statute reach beyond the plain import of the language used: *State* v. *Le Blanc,* 115 Me. 142 (98 Atl. 119).

5. A valid criminal law must definitely show with reasonable certainty what acts or omissions the lawmaking body intended to prohibit and punish: 1 Cyclopedia of Criminal Law, Brill, § 62. But reasonable definiteness in view of the conditions is all that is required: *State* v. *Lawrence,* 9 Okl. Cr. 16 (130 Pac. 508); *State* v. *Schaeffer,* 96 Ohio St. 215 (117 N. E. 220, Ann. Cas. 1918E, 1137, L. R. A. 1918B, 945). Moreover, under this statute, the dividing line between what is lawful and what is unlawful is not left to conjecture.

6. Subject to the prohibitions of the federal and state Constitutions, the legislative assembly of the state has power to declare what acts or omissions shall constitute a crime. An examination of our session laws will disclose that every legislative assembly creates new offenses that were before unknown, and renders criminal certain acts and omissions which, prior to the enactments of that session, were innocent in their nature.

7. The power to denounce as a crime the omission of a husband to support his wife and children was exercised by the legislative body in the enactment of the statute under consideration, and was not delegated to the trial judge or jury as contended by counsel for defendant.

8. Section 11 of Article I. Oregon Constitution, would be ineffectual and unavailing if the indictment and statutes did not inform the defendant of the nature and cause of the accusation against him.

9. As a general rule, an indictment is sufficient when it alleges the acts constituting the crime charged, in the words of the statute defining the crime: *State* v. *Scott,* 63 Or. 444 (128 Pac. 441). This is familiar law in our jurisdiction.

10. Again, an indictment can rise no higher than the statute, which is its source; and statutes so indefinite and uncertain as to fail to inform the defendant of the nature of the charge against him are universally held by the courts to be void.

11. A criminal statute should be couched in plain and concise language, so that every man of ordinary intelligence may know when he has or has not violated the law.

12, 13. We need cite no authorities in support of our holding that the legislature cannot legally enact a law in violation of the limitations of our Constitution. But, in language that any man of ordinary intelligence can understand, the act in question denounces as criminal a husband's omission to support his wife and children. The meaning of the term "support" has been judicially determined in this jurisdiction, and is well understood, as are the words "just or sufficient cause," as used in the statute. The term "support" is plainly interpreted in *State* v. *Langford,* 90 Or. 251, 261 (176 Pac. 197), where this court said:

"An excellent statement of the rule in its broad outlines is found in *State* v. *Waller,* 90 Kan. 829 (136 Pac. 215, 49 L. R. A. (N. S.) 588, 595), where the court says: 'Sustenance which barely meets animal

115 Or.—28

needs, which does not more than relieve the pangs of hunger, cover nakedness, and afford shelter from the elements, is not support or maintenance. He is obliged to provide such a place of abode, such furniture, such articles of food, wearing apparel, and use, such medicines, medical attention, and nursing, such means for the education of children, and such social protection and opportunity, as comport with the health, comfort, welfare, and normal living of human beings according to present standards of civilization, considering his own means, earning capacity, and station in life.' "

There is nothing indefinite in the statute. It would be impracticable to attempt to define by law the quantity or quality of bread, meat, clothing or medical attention, that a husband should provide for his wife.

14. The presumption is always in favor of the constitutionality of a law; and, until the contrary appears beyond a reasonable doubt, it is our duty to assume that such statute is valid, and not violative of the prohibitions of the Constitution. Statutes similar to ours have been attacked from different angles, and such legislation has been uniformly sustained by the courts: 2 Schouler, Marriage, Divorce, Separation (6 ed.), § 1328, and authorities there cited; 2 Cyclopedia Criminal Law, Brill, § 1137; 30 C. J., p. 1099. In the illustrative case of *State* v. *Cucullu,* 110 La. 1087, 1094 (35 South. 300), the court, in upholding such statutes, wrote:

"The performance by a husband and father of the legal duties which he voluntarily assumed in contracting marriage is a matter which not only affects the particular parties in interest, but the public at large, as affecting the general public welfare. The state * * is deeply interested in upholding and seeing enforced the rights and obligations springing from the

family relations, for upon their being upheld and enforced rests the well-being of society itself."

15. The wife abandonment act of the state of Illinois is similar to our nonsupport statute. The case of *People* v. *Heise,* 257 Ill. 443 (100 N. E. 1000), brought under that act, is much in point here. In that case the defaulting husband was convicted for neglecting to provide for the support and maintenance of his wife without "good cause." On appeal he alleged much the same matter that is here charged as constituting violations of the constitutional provision of the state. He asserted that the act violated the Constitution of Illinois in nine particulars, one of the most important being that it delegated legislative power to the courts. All objections involving its validity were overruled, but the case was reversed on the ground that the prosecution was barred by the statute of limitations.

16. That privileges or immunities must belong to all citizens on the same terms, and that there must be a proper classification of the subjects of legislation, is conceded. There are no exemptions set out in Section 2166. That section applies to any and every person who, without just or sufficient cause, fails or neglects to support his wife.

We have considered all the objections and citations contained in defendant's well-prepared brief, but we are of opinion that he has not substantiated his contention, and are compelled to hold the statute assailed to be a valid law. The legislative assembly created the statute in question and committed it to the courts for enforcement.

This case is affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.