Edmund A. McCarthy, J.
The defendant has presented to this court, a notice of motion for a common-law writ of error coram nobis.
In 1951, the defendant was arrested, charged with grand larceny of an automobile. The February Grand Jury for Herkimer County in 1952, indicted the defendant, Samuel Miller, under Indictment No. 3641, for the crime of grand lar *988 ceny, first degree, in the first count and for grand larceny, first degree, violation of section 1293-a of the Penal Law, in the second count.
The same Grand Jury under Indictment No. 3650, indicted the defendant for assault, first degree, in the first count, alleged to have been committed on February 21, 1952, in striking Silas Casler, a jailor, in the Herkimer County jail with a section of pipe.
The defendant was also indicted for assault in the second degree in the second count of the same indictment, which incidentally was a joint indictment in which Raymond Cervantes, Samuel Miller and Robert Paul Bishop were joined as defendants.
The third count of the same indictment was for assault, second degree.
The fourth count indicted this defendant for escaping from prison.
The fifth count indicted the defendant for feloniously escaping from the lawful custody of an officer.
The sixth count of the indictment covered grand larceny in the first degree for the alleged stealing of Silas Casler’s automobile after escape from jail.
The seventh count of the indictment charged him with grand larceny in the first degree for Silas Casler’s automobile.
The eighth count of the indictment charged him with assault in the second degree, alleged to have been committed against Clarence E. Walburgh, and striking him with a rifle.
The ninth count of the indictment charged the defendant with assault in the first degree, alleged to have been committed by shooting a deadly weapon at Clarence E. Walburgh.
On March 7, 1952 the defendant pleaded guilty to grand larceny, first degree, first count of Indictment No. 3641, and was sentenced to 2% to 5 years in Attica State Prison.
The second count of Indictment No. 3641 was dismissed on motion of the District Attorney.
Under Indictment No. 3650, on the defendant’s plea of guilty to assault, first degree, as charged in the first count of the indictment, he was sentenced to not less than 5 or more than 10 years in Attica.
On his plea of guilty to escaping from prison as charged in the fourth count of the indictment, he was sentenced to not less than 2% or more than 5 years in Attica State Prison; the above sentences to run consecutively and not concurrently.
On the defendant’s plea of guilty to grand larceny, first degree, as charged in the sixth count of Indictment No. 3650, *989 sentence was suspended. Upon his plea of guilty to assault, third degree as set out in the eighth count of Indictment No. 3650, sentence was suspended.
The crimes charged in the second, third, fifth, seventh and ninth counts of Indictment No. 3650, were dismissed.
The petitioner contends that this court was in error in the sentencing of the defendant for the following reasons:
One: The first-degree assault in the first count under Indictment No. 3650, was unlawful because the defendant had no intention to kill the jailor and the weapon used Avas not a sharp and dangerous weapon.
Two: The defendant also contends that the sentence imposed upon him was illegal under Indictment No. 3650, for assault, first degree, and escape, on the theory that under section 1938 of the Penal Law, the defendant cannot be doubly punished for allegedly inclusive crimes.
The first premise of the defendant is certainly not Avithin the recognized purpose of a writ of error coram nobis. The assault, first degree, in the first count of Indictment No. 3650, was specific in its provisions and the defendant was represented by counsel, and when he entered his plea of guilty, he admitted the allegations on the first degree assault in the first count as set out in the indictment; consequently, there would not appear to be any violation of his constitutional rights Avithin the scope of a writ.
The second premise of the defendant alleging an illegal sentence, is likewise not Avithin the scope of a writ of error coram nobis, but rather a matter to be reviewed on a proper motion for resentence.
HoAvever, recognizing the fact that the defendant is confined in a State prison and uninformed and untrained in the presentation of his application for a writ of error coram nobis, this court in the exercise of its discretion, will consider the present application of the defendant as having a two-fold purpose; first of all, an application for a writ of error coram nobis; and secondly, as a motion for resentence.
Accordingly, the application for a writ of error coram nobis upon his plea of guilty to first degree assault in the first count under Indictment No. 3650, will be denied for the reason that his plea of guilty constituted an admission of the entire count of the indictment and accordingly, nothing remains to be reviewed on the application for a Avrit of error coram nobis.
The motion of the defendant for a resentence will likewise be denied for the reason that the defendant cannot be considered to be doubly punished for any allegedly inclusive crimes.
*990 The assault first degree in the first count of the indictment was committed wholly and independently of the escape count of the same indictment and was based upon a separate and distinct act;
The assault could have occurred without the escape and it would have resulted in a separate offense of assault first degree; likewise, the escape could have been effected without the necessity of the assault. The acts constituting each crime are- not an independent element of each other; consequently, by the plea of guilty to the first degree assault in the first count of the indictment, and the plea of guilty to the escape in the fourth count of the indictment, the defendant could be legally sentenced for the two crimes, such sentences to run consecutively. (People v. Luciano, 277 N. Y. 348; People v. Gross, 304 N. Y. 789; People v. Erickson, 302 N. Y. 461; People v. Zipkin, 202 Misc. 552.)
The crimes for which the defendant was indicted and pleaded guilty constitute separate, different and distinct crimes, the commission of which require separate acts. Their factual nature is such that they do not merge. The defendant cites People v. Florio (301 N. Y. 46). In that case, the specific question was not the legality of the consecutive sentences, and this issue the court did not determine. It simply covered crimes of “inclusion.”
There seems to be some disagreement over the decision of People v. Savarese (1 Misc 2d 305) and the suggestion is made that Judge Sobel may not have correctly analyzed the Florio decision. (People v. Zipkin, 202 Misc. 552, supra.)
If separate and distinct acts are committed, which violate more than one section of the Penal Law, separate punishments for each would be proper even though they arise out of a single transaction. (People v. Repola, 305 N. Y. 740; People ex rel. Poster v. Jackson, 303 N. Y. 680; People v. Skarczewski, 287 N. Y. 826.)
A single punishment would be mandatory if a single inseparable act violated more- than one statute, or if the act itself violated one statute and was a material element of the violation of another. (People v. Pauley, 281 App. Div. 223; People v. Plesh, 283 App. Div. 868; People v. Nelson, 309 N. Y. 231; People v. Stein, 280 App. Div. 176, aff. 304 N. Y. 834.)
One of the cases relied upon by the defendant involved the element of an escape where, by means of a gun, a sheriff was assaulted and the jail keys were taken from his person. In that case, the defendants were indicted for robbery and assault *991 in the first degree, and were given consecutive sentences, which was held improper by the Appellate Division because the assault in the first degree and the robbery were considered inclusive crimes. Apparently, the defendants were not indicted for escape, and consequently, that case may be distinguished from the present one. (People v. Wells, 246 App. Div. 853.)
In the case before us, there is no trial record of evidence of facts; we have only the indictment to describe the acts and the guilty plea of the defendant.
Order may be prepared accordingly.