Nathan B. Sobel, J.
The defendant in this coram nobis proceeding pleaded guilty to attempted possession of a narcotic drug (Penal Law, § 1751, subds. 3, 5) on an indictment charging him with the consummated crime of possession of such drug.
As we have frequently advised the Legislature and Governor, the statute as drafted is unrealistic and illogical. To prove the felony of possession of the narcotic drug of heroin, the defendant must have possessed a mixture (powdered sugar, etc.) weighing one eighth of an ounce (55 grains) or more of which 1% or more is heroin. Possession of less than this in either total mixture or percentage of heroin is a misdemeanor. A possible consequence is that a person possessing 44 grains ' of pure heroin is guilty of a misdemeanor but another person possessing a mixture containing a single grain of heroin in a 99-grain mixture of powdered sugar is guilty of a felony.
*862 In the instant case after the defendant pleaded and was sentenced for the felony (attempt) he ascertained (or so he alleges) from the police laboratory that the total mixture found in his possession weighed only 48 grains. Even if this was pure heroin, under the statute he could not have been indicted for the felony.
Assuming the facts are as alleged, coram nobis does not lie. The indictment alleged a felony and included all the basic allegations to support the felony charge. The defendant pleaded to an attempt. He may not in a coram nobis proceeding collaterally attack such a valid judgment of conviction.
There are areas of this problem which as yet may be “ unclear ” as noted in People v. Barr (12 A D 2d 722). But this is not one of them. Petitioner was indicted for a felony. The factual allegations in the indictment made out the felony. The defendant pleaded to a necessarily included crime, an attempt. Coram nobis does not lie.
He may of course prior to plea or even after plea by proper motion or by appeal test the factual allegations in the indictment. But collateral attack via coram nobis does not lie.
Even if the plea were to a crime not necessarily included in the indictment, he may not raise the issue in coram nobis. So it was held where a defendant pleaded to larceny in an indictment charging receiving (Matter of Lyons v. Ward, 272 App. Div. 120, 126, affd. without opinion 297 N. Y. 617, affd. sub nom. Paterno v. Lyons, 334 U. S. 314). In that case, the court held that the larceny was not necessarily included in the receiving “ but one can conceive a set of facts under which one guilty of criminally receiving stolen property could be guilty of larceny in unlawfully withholding the stolen property from the owner thereof.” This case and People ex rel. Wachowicz v. Martin, (293 N. Y. 361) seem to hold that the test is not whether the pleaded crime is “ necessarily included” in the crime charged in the indictment but rather whether there is a “ factual connection ”' between the pleaded crime- and the factual allegations' in the indictment.
The “ unclear ” area referred to in People v. Barr (supra) includes one in which the indictment itself is so defective as to charge no crime at all; also perhaps one in which the crime named in the indictment is not substantiated by the factual allegations in the indictment. These are separate legal problems which have nothing to do with the acceptance of lesser or included pleas. For even a plea to the indictment itself could possibly be collaterally attacked via coram nobis (People ex rel. (Gudio v. Calkins, 10 A D 2d 510; People ex rel. Cooper v. Martin, 5 *863 A D 2d 736; People v. Englese, 7 N Y 2d 83) on the theory that the defective indictment is no indictment at all.
There is also included in the “ unclear ” area referred to in People v. Barr (supra) a situation where the pleaded crime is so remote (not “ factually connected ”) to the crime charged in the indictment, that its acceptance constitutes a violation of the constitutional provision (N. Y. Const., art. I, § 6) that “no person shall be held to answer for a capital or other infamous crime * * * unless on [presentment or] indictment of a grand jury.” (See People ex rel. Cooper v. Martin, 5 A D 2d 736, supra; People v. Englese, 7 N Y 2d 83, supra; People v. Barr, 12 A D 2d 722.) But as a practical problem such instances are not likely to arise. Courts do not accept pleas to crimes so remote from the crime charged in the indictment as not to be at least 1* factually connected ’ ’. Thus a plea to robbery in an indictment alleging a felony murder would be ‘ ‘ factually connected ”; as would crimes such as coercion or extortion to robbery or larceny. But even such hypothetical cases have not arisen in any jurisdiction. Courts require much closer factual connection before accepting pleas.
In short, therefore, cases in the “ unclear ” area will generally arise from defective indictments, a separate problem, rather than from acceptance of pleas not “ factually connected ” with the charge in the indictment.
The foregoing, of course, applies exclusively to collateral attack via coram nobis, not to direct attack via appeal. In this regard, as I discussed recently in People v. Eastman (33 Misc 2d 583) a violation of even a constitutional right does not ipso facto entitle a petitioner to attack the judgment via coram nobis. And as noted in Paterno v. Lyons (313 U. S. 314, supra) by Mr. Justice Frankfurter, indictment by a Grand Jury is not such a “basic right ” as to fall within the protection of the due process clause of the Fourteenth Amendment.
My conclusion necessarily is that no attack via coram nobis will lie to vacate a judgment of conviction entered upon a plea to a valid indictment. If the indictment itself is valid then any plea, “factually connected” no matter how remotely, to the crime charged in the indictment is not subject to collateral attack. And as noted no court ever accepts a plea not so factually connected ”.
On this issue the petition is denied without a hearing. The issue is solely one of law.
However on another allegation, of inadequacy of counsel, I would grant a hearing if petitioner submits proof that the total weight of the mixture was less than 55 grains. (People v. Jackson, 15 A D 2d 863.)