**Thomas C. HUDGENS, Petitioner,**

v.

**Donald CLARK, Sheriff of Multnomah County, Defendant.**

No. 63–133.

United States District Court
D. Oregon.

April 11, 1963.

Thomas C. Hudgens, pro per.

EAST, District Judge.

This matter came on for hearing upon the petitioner's petition for a writ of habeas corpus from the custody of the defendant. The petitioner alleges that his continued custody by the defendant is in violation of his rights under both the Constitution of the State of Oregon and the Constitution of the United States

of America in that he was tried and convicted for a capital crime under the laws of the State of Oregon and sentenced to life imprisonment in the Oregon State Penitentiary in proceedings had

"in the Multnomah County Circuit Court for the State of Oregon without an indictment by the Multnomah County Grand Jury or a waiver of such indictment by the Petitioner."

Petitioner further alleges

"That said proceedings were held in direct violation of Article VII (Amended), Judicial Department, Section 5 of the Oregon Constitution, * * *"

and further

"That the V Amendment to the United States Constitution provides substantially the same proceedings and states as follows in part

" 'no person shall be held to anser for a capital, or otherwise infamous crime unless on presentment or indictment of a Grand Jury.' "

The petitioner further alleges:

"That said trial and judgment without Grand Jury indictment was in direct violation of the XIV Amendment to the United States Constitution * * *."

While of course we are all our brother's keeper, there is, however, no office in the United States District Court for the concern of the administration of state law by a state court, as we are not to "assimilate (the) task * * * of courts of appellate review." Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963).

"The function on habeas is different. It is to test by way of an original civil proceeding, independent of the normal channels of review of criminal judgments, the very gravest allegations. State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." Townsend, supra, 372 U.S. p. 311, 83 S.Ct. p. 756.

Such is the situation here, as it does not appear from petitioner's petition that his fundamental liberties, guaranteed by the Federal Constitution, have been in anywise violated by the alleged state action.

The Fifth Amendment of the Federal Constitution is not a limitation on the powers of the state. See annotation to U.S.C.A., Constitutional Amendments 1 to 5, p. 300 et seq., citing State v. Bailey, 115 Or. 428, 236 P. 1053. The Fifth Amendment to the Federal Constitution is a limitation only on the Federal Government. Martinez v. Southern Ute Tribe, 10 Cir., 249 F.2d 915, cert. denied 356 U.S. 960, 78 S.Ct. 998, 2 L.Ed.2d 1067 and 357 U.S. 924, 78 S.Ct. 1374, 2 L.Ed.2d 1376.

The prohibitions provided for in the Fifth Amendment do not extend to the due process clause of the Fourteenth Amendment of the Constitution of the United States of America, for the reason that the privilege of a grand jury indictment or presentment as a primary mode of charging one with crime is not inherent in the right to a fair trial, and is therefore not on that basis protected by the due process clause of the Fourteenth Amendment to the United States Constitution. Adamson v. People of State of California, 332 U.S. 46, pp. 53–54, 67 S. Ct. 1672, p. 1676, 91 L.Ed. 1903.

"The Bill of Rights, Amends. 1–10 (United States Constitution), is not a restriction on the domain of criminal law that belongs exclusively to the states." Knapp v. Schweitzer, 357 U.S. 371, 78 S.Ct. 1302, 2 L.Ed. 2d 1393 (N.Y.), Cited in U.S.C.A. Constitution, supra, p. 381.

I conclude that petitioner's petition and cause should be dismissed, and

It is so ordered.