**UNITED STATES of America ex rel. Philip N. PRIORE, Relator,**

**v.**

**Hon. Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

July 22, 1964.

Philip N. Priore, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent, Frank J. Pannizzo, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner, serving a five to ten year sentence under a judgment of conviction for possession of a narcotic drug with intent to sell, entered upon his plea of guilty in the County Court, Bronx County, State of New York, seeks his release upon a Federal writ of habeas corpus. The present application appears to be the fifteenth in a series made in the State and Federal Courts, and there is presently pending an appeal in the Appellate Division, Second Department, from the denial of a writ of habeas corpus upon grounds other than those advanced here.

Petitioner here raises three points: (1) that insufficient legal evidence was

presented to the grand jury which indicted him; (2) that the indictment did not charge he possessed the required minimum amount of heroin; and (3) that he was deprived of his right to speak for himself before the imposition of sentence in violation of section 480 of New York's Code of Criminal Procedure.[1] He contends that each of these grounds renders the judgment of conviction void and deprived him of due process under the Fourteen Amendment.

As to the first claim, it alleges no constitutional deprivation, as the Fifth Amendment does not mandate the States to follow grand jury procedure in felony cases.[2] Even if it did, an indictment based upon hearsay, incompetent or inadequate evidence would not be void or give rise to any constitutional infringement of petitioner's rights.[3]

As to the second claim, the indictment affords petitioner "reasonable notice and information of the specific charge against him"; more is not constitutionally required.[4]

As to the third contention, assuming it raises an issue of constitutional dimension, petitioner has not presented to the State Courts the purported "aggravating circumstances"[5] which resulted in prejudice to him by reason of the alleged failure to comply with the requirements of section 480. Accordingly, he has failed to exhaust an available State remedy.[6]

The petition for a writ of habeas corpus is denied.

1. Section 480 provides: "When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him."

2. Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884); Hudgens v. Clark, 218 F.Supp. 95 (D.Ore.1963). See Paterno v. Lyons, 334 U.S. 314, 322, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948) (Frankfurter, J., concurring).

3. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

4. Paterno v. Lyons, 334 U.S. 314, 320, 68 S.Ct. 1044 (1948). See People v. Peterson, 33 Misc.2d 861, 228 N.Y.S.2d 170 (1962), aff'd, 18 A.D.2d 1054, 238 N.Y.S.2d 918 (2d Dep't 1963).

5. See United States v. Taylor, 303 F.2d 165, 167–168 (4th Cir. 1962).

6. United States ex rel. Kessler v. Fay, S.D.N.Y., 1964, 232 F.Supp. 139. See People v. Sullivan, 3 N.Y.2d 196, 200, 165 N.Y.S.2d 6, 10, 144 N.E.2d 6 (1950) (Fuld, J., concurring); People v. Nesce, 201 N.Y. 111, 94 N.E. 655 (1911); People v. Miller, 5 Misc.2d 987, 166 N.Y.S.2d 902 (1957).