**UNITED STATES of America ex rel. Henry BRYANT, Petitioner,**

**v.**

**Hon. Edward M. FAY, Warden, Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
March 22, 1965.

Henry Bryant pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent; Brenda S. Soloff, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner's claim of "duplicity" or double jeopardy, arising from the circumstance that he was convicted of both robbery and burglary and given consecutive sentences of fifteen to thirty years, was previously considered on the merits by this Court and rejected.[1]  His further attack upon his conviction based on the alleged "insufficiency" of the indictment must also fail.  A Federal writ of habeas corpus cannot be used to review the sufficiency of an indictment which alleges a crime within the State's jurisdiction.[2]  And wholly without substance is his belated contention that the failure of his attorney to attack the indictment prior to judgment, thus foreclosing challenge to its sufficiency, amounted to a deprivation of his right to counsel.  Even if the indictment had been susceptible of attack on the ground of duplicity and failure to conform to New York law, and the Court concludes otherwise,[3] counsel's omission to make such a challenge, without more, would not have turned the proceeding against petitioner into "a farce and a mockery of justice" so as to deprive him of his constitutional right to due process.[4]

The writ is denied.

1. Petitioner errs in his statement that the Court's previous decision rested on exhaustion grounds, and not on the merits. United States ex rel. Bryant v. Fay, 211 F.Supp. 812 (S.D.N.Y.1962), aff'd, 2d Cir., cert. denied, 375 U.S. 852, 84 S.Ct. 111, 11 L.Ed.2d 79 (1963).

2. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); United States ex rel. Tangredi v. Wallack, D.C., 236 F. Supp. 205 (1964).

3. The indictment, charging assault in the first and second degrees, burglary in the first degree, robbery in the first and second degrees, grand larceny in the first and second degrees, and conspiracy, was permissible under New York law. N.Y.

Code Crim.Proc. § 279. Cf. Albrecht v. United States, 273 U.S. 1, 11–12, 47 S.Ct. 250, 254, 71 L.Ed. 505 (1927), upholding the power of Congress to punish separately "each step leading to the consummation of a transaction which it has power to prohibit and (to punish) also the completed transaction."

4. United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). See also, United States ex rel. Cooper v. Reincke, 333 F.2d 608, 613–614 (2d Cir. 1964); United States v. Garguilo, 324 F. 2d 795 (2d Cir. 1963); Brubaker v. Dickson, 310 F.2d 30, 39 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963).