■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK REALMUTO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered January 15, 1963 after a jury trial, convicting him on two counts of robbery in the first degree, and imposing sentence. Defendant appeals also from various intermediate orders which denied his motions to dismiss the indictment, to dismiss the action for failure to prosecute, to obtain a new trial on alleged newly discovered facts, to inspect the Grand Jury minutes, and to obtain a certificate of reasonable doubt. Judgment affirmed. The orders have been reviewed on the appeal from the judgment (Code Crim. Pro., § 517). Defendant was unequivocally identified by a robbery victim (who happened to be a New York City detective) as one of two robbers who forced the victim from his car, shot his companion and fled with the car and a large sum of money. On trial the defendant presented alibi evidence but admitted that on the day of the robbery, upon 20 minutes' notice, he left for Florida with one Ambrosio who admits being the robber who fired the shot. Defendant claims that shortly before the robbery he had given his car, which would not start, to Ambrosio and asked him to get it repaired by one Ragusa. According to defendant, when Ambrosio returned the car (immediately after the robbery), he offered defendant $150 to drive him to Florida and defendant accepted. Ambrosio testified that instead of taking the car to be repaired he decided to use it in the robbery, which he committed with a person other than defendant who he swore was innocent. Evidently the jury believed the detective and found it incredible, as we do, that defendant would send his car for repairs to Ragusa, who was not a mechanic, by way of Ambrosio, who was not a licensed driver, only to have the latter, who knew the car was not performing, decide to use it as a getaway car in an armed robbery. Other evidence linked Ragusa to the robbery as a lookout who left the getaway car where the robbers could park and change cars. Before Ambrosio testified, however, oral and written confessions by him were admitted into evidence, and these confessions implicated the defendant as the other robber. At the time of the introduction of these confessions, as well as in its charge, the court fully and fairly instructed the jury that the confessions could not be considered against the defendant. While later use of the full written confession to cross-examine Ambrosio was proper, we believe it would have been better practice to have deleted defendant's name from the confessions when they were first introduced, even though the references to defendant were not contained in an easily separable paragraph (cf. *People* v. *Vitagliano,* 15 N Y 2d 360). We do not, however, regard the circumstances here as sufficiently similar to those in *Vitagliano* to bring this case within the rule of the *Vitagliano* case. While here the question of identity was disputed, it does not appear to have been close; the refer-

580

ences to the defendant were not contained in a separate paragraph, and the defendant's counsel did not request deletions from the confessions although he did seek to protect defendant's rights. Any prejudice to defendant which the court's repeated instructions failed to dispel was insignificant in view of the testimony considered as a whole. Hence, the error, if any, in the admission of the confessions, did not affect any substantial right of the defendant and must be disregarded (*People* v. *Guadagno*, 11 A D 2d 1003, affd. 9 N Y 2d 768; Code Crim. Pro., § 542). No separate appeal lies from the intermediate orders, which nevertheless have been reviewed on the appeal from the judgment (Code Crim. Pro., § 517, subd. 3). We find no error with respect to such orders. The refusals to grant a new trial and a certificate of reasonable doubt were proper under the circumstances. Defendant's attacks on the indictment, coming after the judgment, are not only too late (*People* v. *Nitzberg*, 289 N. Y. 523, 530), but where there was, as here, sufficient competent evidence to warrant the indictment, it is not invalidated by the fact that some other evidence which was illegally seized was also presented to the Grand Jury (*People* v. *Rabinowitz*, 277 App. Div. 793, affd. 301 N. Y. 763). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.