**UNITED STATES of America ex rel. Frank REALMUTO, Petitioner,**

v.

**Walter WALLACK, Warden of Wallkill Prison, Wallkill, New York, Respondent.**

**No. 66 Civil 29.**

United States District Court
S. D. New York.
June 6, 1966.

Frank Realmuto, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent, Mortimer Sattler, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, Frank Realmuto, now serving a sentence of from ten to twenty years pursuant to a state court judgment of conviction on two counts of robbery in the first degree, seeks his release by way of a federal writ of habeas corpus upon various alleged infringements of federally protected constitutional rights. The principal claims here advanced previously have been presented to the state courts, and no issue is made of failure to exhaust available state remedies.[1] This court has considered all of petitioner's contentions, none of which warrants federal intervention.

Petitioner's initial attack is upon the validity of the indictment. He alleges that the indictment was returned upon incompetent and previously suppressed evidence and that exonerating evidence was withheld from the grand jury. Since the crime charged was within the state court's jurisdiction, federal habeas corpus may not be availed of to test the sufficiency of the indictment.[2] The fact that apart from competent evidence, incompetent or illegally seized evidence was also presented to the grand jury does not vitiate the indictment.[3]

---

1. Petitioner's conviction was affirmed by the Appellate Division. People v. Realmuto, 24 App.Div.2d 579, 262 N.Y.S.2d 178 (2d Dep't 1965), and leave to appeal to the Court of Appeals was denied.

2. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); United States ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965), affirming 236 F.Supp. 205, 206–207 (S.D.N.Y. 1964); United States ex rel. Bryant v. Fay, 239 F.Supp. 413 (S.D.N.Y.1965).

3. See Costello v. United States, 350 U.S. 359, 362–363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States ex rel. Priore v. Fay, 232 F.Supp. 906, 907 (S.D.N.Y. 1964).

The court has read the grand jury minutes, from which it appears that direct eyewitness testimony, sufficient to qualify as competent upon a trial, was submitted. Moreover, there is no federal constitutional right that state court felony prosecutions be instituted by grand jury indictment.[4] As to petitioner's claim that evidence which had been ordered suppressed on his pretrial motion was nonetheless used against him upon the trial, not a single evidentiary fact is set forth in support thereof.[5]

■■ Petitioner next contends that the state also impermissibly used upon the trial a codefendant's confession which implicated him in the robbery. The court, in receiving the confession in evidence, restricted it to the codefendant and instructed the jury that it could not be considered against petitioner. The instructions adequately protected his rights.[6] Moreover, although the codefendant's confession had been introduced upon the state's case, the petitioner brought about its further use when, contrary to the advice of his counsel, he called the codefendant as a witness, purportedly to exonerate himself from participation in the crime charged. And when the codefendant gave the anticipated exonerating testimony, the confession was used to cross-examine him to test his credibility as a witness. Under the circumstances its use was entirely proper, as the New York court held.[7]

Petitioner next attacks his conviction based upon the receipt in evidence of "five alleged oral confessions," although parenthetically he adds that he made "no confession." Petitioner failed to identify these five items, but a search of the state record indicates the evidence to which he refers. One was the testimony of Maselli, one of the holdup victims, who related an incident which occurred immediately following petitioner's arraignment in the felony court upon a complaint signed by Maselli, which charged petitioner as one of the holdup men. Maselli testified that petitioner approached him and "held out his hand, took mine and shook it and said he was sorry. * * * It shouldn't have happened." Petitioner, who testified on his own behalf at the trial, did not dispute that such an incident occurred. He claimed, however, it was instigated by detective Fazio, the second victim of the holdup. Petitioner testified that Fazio told him Maselli had made a positive identification of petitioner, and suggested that petitioner say something to Maselli " 'for the purpose of identification' to see if he knew who [petitioner] * * * was," whereupon petitioner responded challengingly, "[L]et him identify me," and with his lawyer's consent, who was then present, to " 'clear this thing up,' " approached Maselli and had the conversation as to which there is no substantial dispute. Accepting petitioner's version of the incident (which Fazio denied), it is clear that the conversation with Maselli was entirely voluntary,[8] was with the consent of his counsel[9] and was engaged in in an effort to effect his exculpation. And, of course, if Fazio's denial is accepted, petitioner's statement was entirely unsolicited as well as volunteered.

The other four "statements" consist of three requests by petitioner to a high

4. See Paterno v. Lyons, 334 U.S. 314, 322, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948) (concurring opinion); United States ex rel. Priore v. Fay, 232 F.Supp. 906, 907 (S.D. N.Y.1964); Hudgens v. Clark, 218 F. Supp. 95 (D.Ore.1963).

5. See United States ex rel. White v. Fay, 349 F.2d 413 (2d Cir. 1965); United States ex rel. Marinaccio v. Fay, 336 F.2d 272, 274 (2d Cir. 1964); United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965).

6. See Delli Paoli v. United States, 352 U.S. 232, 239–242, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). Cf. United States ex rel. Fernanders v. Fay, 241 F.Supp. 51 (S.D.N.Y. 1965).

7. People v. Realmuto, 24 A.D.2d 579, 262 N.Y.S.2d 178, 180 (2d Dep't 1965).

8. Cf. United States v. Drummond, 354 F.2d 132, 144 (2d Cir. 1965).

9. See id. at 151.

ranking police official, a deputy chief inspector, for a conference so that he could make a statement. Petitioner previously had been surrendered by his counsel, who instructed him not to talk except to give his name and address. The deputy inspector refused to take any statement from petitioner unless his lawyer were present. A conference was then arranged attended by petitioner, his attorney, the deputy chief inspector and detective Fazio. The petitioner, in the presence of all, according to the testimony of the police officers, asked Fazio "to fail to make a positive identification and if such a demand were met he would make a hero of Detective Fazio"; petitioner added that he would "make no statements as to the case itself * * *." The petitioner's version of the conference was quite different. He testified that he said to Fazio, " 'You want me to confess to something I didn't do and make a hero out of you?' "

 While the proposal that Fazio fail to make an identification, if accepted by the jury, was evidential on the issue of consciousness of guilt, it was not a confession or an admission by petitioner that he participated in the holdup, nor was it offered by the state as such. In any event, the requests for the conference were unsolicited; they originated with the defendant; the conference itself, attended by petitioner's lawyer, was the result of his requests. Neither the testimony as to what transpired at the conference nor the requests which preceded it were received in violation of the defendant's constitutional rights.[10] There is not the slightest basis for any claim, and petitioner has stated none, either at the trial or in his present petition, that any of the five statements were the result of coercive activity, physical or psychological, by state officials. All were initiated and brought about by him. The fact that petitioner challenged the state's witnesses' versions of his statements at the conference did not render them involuntary.

The other claims of alleged impairment of federal constitutional rights abound in conclusory generalities such as "double jeopardy for the same offense"; "knowing use of perjured testimony"; "flagrant violations of the law and fundamental fairness." No evidentiary facts support these vague charges. As this court has stated, "Merely culling language from Federal and state authorities, as petitioner has done, will not satisfy the requirement that serious charges have some basis in fact." [11]

The petition for a writ of habeas corpus is denied.

10. See id. at 144, 149, 151.

11. United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965). See also the cases cited in note 5 supra.