2000 ME 80

**STATE of Maine**

v.

**Mike R. BRESETT.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 29, 2000.

Decided May 9, 2000.

Neale T. Adams, District Attorney, John M. Pluto, Deputy Dist. Atty., Caribou, for State.

Allan Hanson, Caribou, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

CALKINS, J.

[¶ 1] Mike Bresett appeals the judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) following his entry of a conditional guilty plea to the Class E offense of violating a rule of the Commissioner of Inland Fisheries and Wildlife. *See* 12 M.R.S.A. § 7036 (1994).[1] Specifically, he was charged with using a live trap to trap bears. Bresett contends that the court erred in determining that the rule at

---

1. Section 7036(1), which is in Chapter 703 of title 12, states: "A person is guilty, [ ] of a violation of a rule if he violates any provision of any rule of the commissioner promulgated in accordance with chapters 701 to 721." The commissioner has general rule-making authority pursuant to 12 M.R.S.A § 7035(1) (1984). "A violation of any prohibited act in chapters 701 to 721 is a Class E crime, except as provided in this section." 12 M.R.S.A. § 7901 (Supp.1999). There are no exceptions contained within section 7901 that are relevant to the charge against Bresett.

issue makes it unlawful to trap bear with a live trap and that the rule is sufficient to give a person of ordinary intelligence fair notice of the prohibited conduct. We vacate the judgment.

[¶ 2] The criminal complaint against Bresett states that on or about September 10, 1998, in Aroostook County, he violated a rule of the commissioner "in that he did use a live trap to trap bears." The complaint itself does not give any information as to which particular rule Bresett violated.

[¶ 3] There is no rule of the commissioner that specifically prohibits the use of a live trap to trap bear.[2] The State argues that Maine Dep't of Inland Fisheries and Wildlife Rule 4.01(J) (March 2, 1998) impliedly prohibits the use of live traps for bear. Rule 4.01(J) is titled "Size of Traps." The word "bear" is not mentioned in Rule 4.01(J). The State relies on the last sentence of Rule 4.01(J) which states: "It shall be lawful to trap furbearing animals with a common cage type live trap."[3] The State's argument is that a bear is not a furbearing animal, and therefore, it is not lawful to trap a bear with a live trap.

[¶ 4] The Superior Court found implied criminal liability for the use of a live trap for bear from the permission in Rule 4.01(J) given to trappers to use live traps for furbearing animals.[4] Many years ago we said, "[I]t is an elementary rule of criminal pleading that a criminal offense cannot be created by inference or implication, nor can the effect of a penal statute be extended beyond the plain meaning of the language used." *State v. Le Blanc*, 115 Me. 142, 145, 98 A. 119, 120 (1916). This principle is carried forward in the Maine Criminal Code which does not permit the imposition of criminal liability unless the conduct is prohibited by the Code itself, by a statute outside the Code, or by an authorized rule, regulation or ordinance. *See* 17–A M.R.S.A. § 3 (1983). The comment to section 3 indicates that the provision was meant to abolish common law crimes and "provide the public with the security of knowing that all conduct subject to criminal penalties can be found in the written law." Thus, it is apparent that the Legislature in enacting the Code did not intend to make any conduct criminal by implication.

2. The only rule of the commissioner regulating the trapping of bear, that has been brought to our attention, is Rule 4.04(A)(3) which provides that the open season on trapping bear is September 1 to October 31. There are, however, statutes covering the trapping of bear. *See* 12 ·M.R.S.A. §§ 7451 and 7452 (1994 & Supp.1999). The open season rule is taken from the statute. *See* 12 M.R.S.A § 7451(1)(B).

There are several statutory subsections that make certain conduct in the trapping of bear illegal, but none prohibit the use of live traps. For example, a person is guilty of using an illegal bear trap if the trap does not conform to certain specifications: the trap shall be "enclosed by at least 2 strands of wire, one strand 2 feet from the ground and one strand 4 feet from the ground"; as well as other specifications regarding the wire strands and the signs marking the trap. *See* § 7452(2)(A). The statute expressly permits a cable trap for bear, notwithstanding other sections of the statute. *See* § 7452(15)(A). Bresett is not charged with violating any portion of the bear trapping statutes.

3. There is no statutory definition of "live trap" nor is there a rule defining the term. Likewise, there is no statutory or regulatory definition of "furbearing animal," and the parties focused much of their argument on the issue of whether a bear is a furbearing animal. For purposes of this decision we assume that a bear is not a furbearing animal because a bear is not one of the listed species of furbearing animals in Rule 4.01(G).

4. The Superior Court determined: "Because it is expressly declared that it is lawful to use live traps on furbearing animals, it is impliedly declared unlawful to use live traps on non-furbearing animals." The court then cited *Wescott v. Allstate Ins.*, 397 A.2d 156, 169 (Me.1979), which indicates that it was relying on the maxim of *expressio unius est exclusio alterius*. This maxim of statutory interpretation means that the mention of one thing implies the exclusion of another thing. *See* BLACK'S LAW DICTIONARY 581 (6th ed.1990).

[¶ 5] The State argues that 12 M.R.S.A. § 7431(1) (1984), which declares a perpetual closed season on trapping, means that all trapping is prohibited unless expressly allowed by statute or rule. If all trapping is banned except that expressly permitted, then live traps for bear are prohibited. The State, however, has not cited any general prohibitory language in the statutes or rules, such as "All trapping is prohibited except that expressly authorized," and we have found none. The problem with interpreting the "closed season" statute as a general prohibition against all trapping is the statutory definition. "Closed season" is defined as "the *time* during which it is unlawful to" trap any wild animal. 12 M.R.S.A. § 7001(3) (1984) (emphasis added). The closed season prohibition is, therefore, a limitation on *when* trapping is allowed, and not a general prohibition against all trapping.

[¶ 6] Bresett argues that Rule 4.01(J) is unconstitutionally vague because it does not give fair notice to a person of average intelligence that trapping bear with the use of a live trap is illegal. We do not need to consider Bresett's constitutional argument because we agree that Rule 4.01(J) does not prohibit the use of a live trap in trapping bear. We hold that Rule 4.01(J), which allows live traps for furbearing animals, does not, by implication, create criminal liability for the use of live traps for bear. Because there is no rule that prohibits Bresett's conduct in using a live trap to trap a bear, the complaint charging Bresett with violating a rule of the commissioner fails to state an offense. The complaint against him should have been dismissed.

The entry is:

Judgment vacated.