■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. FOGARTY, Appellant. Appeal from a judgment of the County Court of Ulster County, rendered June 28, 1974, upon a verdict convicting defendant of the crime of manslaughter in the first degree. Defendant was indicted for the crime of murder in violation of subdivision 1 of section 125.25 of the Penal Law for the killing of one William Conley. Defendant admitted shooting Conley with a rifle. His sole defense was insanity. After his trial the jury found him guilty of manslaughter in the first degree and he was sentenced to an indeterminate term of prison with a maximum of 10 years. On this appeal he urges reversal on the grounds that his mental responsibility was not proved beyond a reasonable doubt and that the court erred in refusing to charge the jury that defendant would not automatically go free if the jury acquitted him by reason of insanity. We will consider the latter issue first. While there is conflict on this issue amongst the courts in the various States, New York has taken the position that it would be improper for the court to give the instruction requested by defendant. *(People v Adams,* 26 NY2d 129, 138–139.) We now pass to the other issue, and initially note that there was no exception to the court's charge. The jury was instructed on this critical issue as follows: "The fact that a defendant may have a mere surface knowledge or understanding of the nature of his act and its results or a mere superficial knowledge that it is wrong, is not enough to make him

mentally capable of committing a crime." The record establishes that the psychiatrist called by the People testified that defendant at the time of the homicide knew the nature and consequences of his acts and knew his conduct was wrong. In response to a question by the court, the psychiatrist testified that defendant had some understanding of the legal or moral import of his conduct. She also testified that some of the symptoms demonstrated by defendant were feigned. The defendant offered no medical testimony. Considering the record in its entirety, we are of the view that the evidence was sufficient to prove beyond a reasonable doubt that defendant possessed substantial capacity to understand and appreciate his willful conduct and its criminal consequences. The verdict is, therefore, affirmed. *(People v Adams, supra.)* Judgment affirmed. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.