■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL B. NICKLES, Appellant.—Judgment affirmed. Memorandum: On the appeal of his conviction for assault, first degree, and criminal possession of a weapon, fourth degree (Penal Law, § 120.10, subd 1; § 265.01, subd [2]), defendant contends that the trial court erred in refusing to instruct the jury that if the defendant should be found not guilty by reason of insanity he would not "walk out a free man but, [would] be confined to a mental institution." Defendant had inflicted a massive injury on the man whom he believed to be his former wife's lover, by firing a shotgun, at point blank range, into the man's leg. The three psychiatrists appointed by the court testified that defendant was a paranoid psychotic, obsessed with the idea of exacting "justice" for the injuries which he felt had been done to him by his former wife and the victim, both of whom, defendant believed, had committed perjury in defendant's divorce proceedings by denying any illicit relationship. The doctors, in various terms, expressed their opinions to the effect that defendant was a dangerous individual who would be likely, if given the opportunity, to do harm to his former wife and to others. Defendant argues, with some persuasiveness, based upon *Lyles v United States* (254 F2d 725); that, particularly in a case such as this, where there is evidence that the accused is unusually dangerous, a charge such as that approved in *Lyles* is necessary. The rationale of *Lyles* is that jurors ordinarily do not realize that a verdict of not guilty by reason of insanity does not result in the accused's immediate freedom as does the not guilty verdict in the usual case, and that they should be told, therefore, that the verdict of not guilty by reason of insanity means that the accused will be confined to a mental hospital until the proper authorities are satisfied "that such person has recovered his sanity and will not in the reasonable future be dangerous to himself or others." *(Lyles, supra,* p 728.) (See, also, *Kuk v State of Nevada,* 80 Nev 291; *State v Shoffner,* 31 Wis 2d 412, where similar charges have been approved.) The Court of Appeals, however, has rejected such a charge upon the theory that "consideration of punishment or disposition of the defendant is beyond the province of the jury" *(People v Adams,* 26 NY2d 129, 139; see *People v Kowalczyk,* 34 NY2d 864; *People v Nagle,* 26 NY2d 707; *People v Fogarty,*

50 AD2d 969). No objection was made nor exception taken by defense counsel to remarks made on the prosecutor's summation. The summation was not so blatantly prejudicial or improper as to deny defendant a fair trial. It does not warrant reversal (see *People v Canty,* 31 AD2d 976; *People v Feldt,* 26 AD2d 743, affd 22 NY2d 839; CPL 470.15). The trial court acted properly in excluding the reports of the third court-appointed psychiatrist to testify, because when they were offered, the doctor had been excused as a witness and was no longer available for cross-examination. Further, none of the other doctors' reports were in evidence. In any event, if there was error, it was harmless *(People v Crimmins,* 38 NY2d 407), as defense counsel had had full benefit of the substance of the reports for cross-examination. All concur, Hancock, Jr., J., in the following memorandum: I am constrained to concur under authority of *People v Adams* (26 NY2d 129). I add only that the unusually compelling factual situation makes this case clearly distinguishable from *Adams.* The *Adams* rule, however, is categorical and appears to allow no exceptions. (Appeal from judgment of Erie County Court— assault, first degree.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.